COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Senior Judge Hodges
Argued at Alexandria, Virginia

FRANK T. SLONKA

v.          Record No. 1478-94-4          MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
JOAN LOUISE PENNLINE, f/k/a               OCTOBER 17, 1995
 JOAN LOUISE SLONKA

             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                     William D. Hamblen, Judge

          Stephen M. Farmer (Farmer & Stevens, on
          brief), for appellant.

          No brief or argument for appellee.


    On appeal from the denial of his motion for a reduction in
child support, Frank T. Slonka contends that the trial court
erred in not reducing his support obligation to the presumptive
amount under the guidelines in Code § 20-108.2.  We find no error
and affirm the judgment of the trial court.

    By final decree entered January 14, 1992, the trial court
awarded Ms. Pennline a divorce a vinculo matrimonii from Mr.
Slonka.  The decree incorporated by reference a property
settlement agreement entered into by the parties on February 19,
1991, which provided:
    11.  CUSTODY AND VISITATION.

          A.    The parties shall have joint physical
                custody of the parties minor children,

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

. . . where both parties share
physical and custodial care of the
minor children . . . .

12. SUPPORT AND MAINTENANCE FOR CHILDREN.

The Husband agrees to pay to the Wife for the
support and maintenance of . . . the minor
children of the parties, the following . . .:
Through August, 1991, the sum of Three
Hundred Dollars ($300.00) per month and all
of the monthly child care expenses incurred
due to the Wife's employment; From September,
1991 through August, 1992, the sum of Four
Hundred Dollars ($400.00) and all of the
monthly child care expenses . . .; and
beginning September, 1992, the sum of Five
Hundred Dollars ($500.00) per month and all
of the monthly child care expenses . . . .

\*     \*     \*     \*     \*     \*     \*

21. MODIFICATION.

No modification or waiver of any of the terms
of this Agreement shall be valid unless in
writing and executed with the same formality
as this Agreement.

On October 9, 1992, Mr. Slonka moved to reduce his child
support obligation. At an ore tenus hearing, both parties
presented their monthly expenses. The trial court found there
had been no substantial change in either party's expenses and
that Mr. Slonka had failed to meet his threshold burden of
showing a material change justifying modification. It denied his
motion for a reduction.

On appeal, a panel of this Court held that the trial court
erred in requiring a change in circumstances other than the
guideline enactment. We said:
[found] the case at bar analogous to Watkinson and
Milligan, because the 1992 amendment to Code

2

§ 20-108.2(G) created a new category for shared custody arrangements, which significantly changed the earlier guideline considerations and amounts.

The trial judge erred in requiring an additional change in circumstances for a hearing other than the substantive guideline amendment which resulted in a significant disparity in the parties' support obligations. He failed to determine the presumptive amount of child support in accordance with Code § 20-108.2 and, if necessary, to make the required written findings explaining his reasons for deviating from that amount if found to be "unjust or inappropriate."

Slonka v. Pennline, 17 Va. App. 662, 665, 440 S.E.2d 423, 425 (1994) (citation omitted). We reversed and remanded the case to the trial court to conduct a hearing consistent with the opinion.

On May 6, 1994, the trial court conducted a hearing to consider the parties' financial circumstances and to determine the presumptive guideline amount under Code § 20-108.2. The trial court determined that under the circumstances, the presumptive amount of child support was "unjust and inappropriate and that the factors enumerated in Sections 20-108.1(B)(16) and 20-108.1(B)(17) mandate deviation from [the Guidelines] . . . ."

The enactment of the 1992 amendment to Code § 20-108.2(G)(13) established a new shared custody guidelines category. If the presumptive guideline amount differs significantly from the amount of child support provided under a property settlement agreement, that disparity is a change in circumstances justifying review. In this case, a significant disparity existed between Mr. Slonka's child support obligation under the property settlement agreement and the amount provided

3

under the guidelines. Although the disparity was a material change requiring review, we find no error in the trial court's determination that it did not require modification of the earlier support award.

On February 19, 1991, the parties entered into a property settlement agreement which was incorporated into their final divorce decree on January 14, 1992. The agreement provided that they would share custody of their two children equally. Mr. Slonka agreed to pay $500 a month in child support plus additional child care and health care expenses. The agreement itself provided specifically for modification only upon written agreement of the parties.

At the October 9, 1992 hearing, the evidence showed the parties' financial situation to be the same as when the property settlement agreement was incorporated into the divorce decree. The evidence showed that Mr. Slonka was paying $844 per month in child support, and that if his obligation was calculated under Code § 20-108.2(G)(3), the presumptive guideline amount would be $54 per month. Ms. Pennline testified that she had purchased a home in reliance on the earlier agreement and that without the current child support, she could not meet the children's expenses. On February 24, 1995, the custody decree was modified so that while joint custody remained in both parents, physical custody was placed solely with Ms. Pennline.

The property settlement agreement, approved and incorporated

4

into the divorce decree, provided adequately and properly for the support of the parties' children.  The enactment of the guidelines, although a change in circumstances, was not a change requiring modification of the earlier award.

We affirm the judgment of the trial court.

<u>Affirmed</u>.