### Norfolk

TERESA PHILLIPS MILLIGAN

v.

MICHAEL LEWIS MILLIGAN

No. 1275-90-1

Decided July 23, 1991

COUNSEL

Linda L. Furman, for appellant.

No brief or argument for appellee Michael Lewis Milligan.

OPINION

**BAKER, J.**—Teresa Phillips Milligan (wife) appeals from a judgment of the Circuit Court of the City of Norfolk (trial court) which denied her petition for an increase in child support from her former husband, Michael Lewis Milligan (husband). Wife asserts that she is not required to show a material change of circumstance as a condition precedent to obtaining the benefits of the presumptive support guidelines set forth in Code § 20-108.2, and further argues that even if she is required to show such change, the evidence contained in this record justifies the application of the guidelines and the increase for which the petition prays.

No brief or argument was submitted by the husband on this appeal. However, the record reflects that the husband argued in the trial court that to obtain the relief prayed for, wife would have to prove a "substantial change of circumstance" because the provisions of Code § 20-108.2 did not become effective until after the entry of the decree wife sought to have modified. The trial court entered the following decree:

> THIS CAUSE came on this 22nd day of June, 1990, on defendant's motion for increased child support, the complainant and defendant appearing in person and by counsel, and was argued by counsel.
>
> It appearing to the Court that defendant failed to prove a material change in circumstances which would justify an increase in child support, it is, accordingly,
>
> ADJUDGED, ORDERED and DECREED that defendant's motion for an increase in child support be, and the same hereby is, denied.

The parties married on October 27, 1984, and separated on May 14, 1986. One child, a daughter, was born of the marriage. A divorce suit was instituted on July 1, 1987. On October 24, 1987, the parties executed a separation agreement which was incorporated into the final decree of divorce entered on December 11, 1987. Each party waived spousal support; however, husband agreed to wife having custody of their daughter, to paying $200 per month for the child's support, to maintaining medical insurance for the child, and to being responsible for any deductible portion of a covered medical expense.

On October 24, 1987, husband's annual income was $40,323 while wife earned $12,000 annually working as a waitress. Wife's employment required her to work at night and husband's income included $12,000 annually for overtime work.[1]

---

[1] Based on their combined annual earnings at the time the agreement was executed, if Code § 20-108.2 had been in effect, the presumptive amount under the guidelines would have required husband to contribute approximately three times the sum contained in the agreement and set forth in the December 11, 1987 decree, exclusive of the value of the medical insurance and medical coverage.

On December 15, 1989, wife filed a petition on behalf of the child requesting that husband be required to increase the amount of the child support payments. The petition alleged "a change in the law (Code § 20-108.2) and other changes in circumstances." In support thereof, wife testified that her income had been substantially decreased while the child's needs had increased; that she found it difficult to obtain competent child care during the night hours she was required to work as a waitress; and that if she waitressed only during the day hours her income would be inadequate to pay for child care and other expenses. As a result, she sought and found other work with Systems Management American Corporation (SMA), which enabled her to be with the child at night and pay for day care.

At the final hearing on June 22, 1990, wife disclosed that she had been laid off from her job at SMA, and that, except for the $200 per month she received as child support, her only income was unemployment compensation of $260 per month. She unsuccessfully had sought other work comparable to her position with SMA. The trial court asked why she had not sought waitress jobs, apparently overlooking undisputed evidence that wife had been unable to find suitable child care at night and the inconsequential profit of day time waitressing. When the court advised that it did not understand her responses to its inquiry, wife again explained:

I'm trying to get a salary range near what I used to make. Now, I tried to find a sitter. Everyone is married. They want to be with their husbands at nights and weekends. . . . Before I can look for that, [I] have to find good child care.

Husband testified that in December 1987 he was earning in excess of $40,000 annually, but that his yearly income had been reduced to $28,474 due to the loss of overtime work.

In the decree appealed from, the trial court did not articulate why the guidelines were not applicable to this case. Code § 20-108.2 provides, in part, that "in any judicial proceeding" the guidelines establish a rebuttable presumption of correctness and if they are not applied "the court shall make written findings in the order . . . that the application of the guidelines would be unjust or inappropriate." At the conclusion of the presentation of evidence, in response to the argument of wife's counsel, the trial court said:

> The problem — immediate problem in reference to the computation of child support from the guidelines is that you have taken the amount of Mrs. Milligan's income as the unemployment comp that she is receiving now when the evidence is that she is only in a temporary situation, and we don't know exactly when she is going to be back.

After making that declaration, the trial court appears to have refused the petition not because of a "temporary" condition but because it felt that wife should have pursued waitress work, even though it had acknowledged that the change of careers was to the best interest of wife and child:

> The history is that at the time of the stipulation and at the time of the final decree, the employment which Mrs. Milligan had was that of a waitress. Nobody can fault Mrs. Milligan for seeking to improve her circumstances and nobody can disagree that it would be preferable to have a salaried job.

The trial court added that "this situation does not support . . . a change in the amount of the child support. Mr. Milligan's income has reduced substantially. Mrs. Milligan's has too *but hers is because she is trying to get a better job and hasn't succeeded.*" (emphasis added).

In our view, the trial court's observations are not consistent with the record. Wife completely explained her need to change careers and the trial court acknowledged that the change was "preferable." She made the change successfully. Wife did not "just quit" her waitress job; rather, she sought and obtained another job not only in her best interest but equally in the best interest of the child. She did not quit the SMA job; she was laid off. There is no evidence of fault on her part, but the trial court appears to have rendered its judgment based upon her failure to seek another waitress job which she clearly and without contradiction explained was not feasible under the existing circumstances. Moreover, the evidence discloses that when wife returned to SMA, as instructed, to see if her position was available, she found that, instead of rehiring employees, additional lay-offs were occurring and that it was unlikely she would be reemployed by SMA.

 Code § 20-108.2 was enacted to establish uniformity of support awards. Nothing in the statute indicates that the guidelines are to be applied only to awards made for the first time after the date on which it became effective.

> Code § 20-108 gives the divorce court continuing jurisdiction to change or modify its decree concerning the custody and maintenance of minor children, and a contract between husband and wife cannot prevent the court from exercising this power.

*Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). That Code section permits the trial court in "any proceeding on the issue of determining spousal support" to apply the guidelines. Code § 20-108.1. Thus, the trial judge is still authorized to "revise and alter [a] decree concerning the care, custody and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents *and the benefit of the children may require.*" *Barnes v. Craig*, 202 Va. 229, 232, 117 S.E.2d 63, 65 (1960) (emphasis added).

 In Virginia, divorce is a creature of statutes enacted in clear, detailed language. *See Lapidus v. Lapidus*, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984). If the legislature had intended that the statute could only be invoked upon a change in circumstance, it would have said so in clear, understandable language. No such language appears in Code § 20-108.2.

 In consideration of child support matters, the trial court must foremost look to the best interest of the child, not just contracts between the parties. Parties may not contract away these rights and former decrees may not thwart subsequent legislative intent. No one disputed that wife sought and found improved employment. Her inability to continue that job on June 22, 1990 was not due to any fault on her part. If wife returns to SMA or a similar job, the doors to the courthouse are open and receptive to the reapplication of the guidelines by factoring in any increase or decrease of her income. Her explanation for not applying for waitress jobs was reasonable and uncontradicted. No reason was shown to deny the child's right to receive support pursuant to the provisions of Code § 20-108.2, and it was error for the trial court not to apply the guidelines set forth therein.

■ We do not agree that the material or substantial change of circumstance rule established prior to the enactment of Code § 20-108.2 is required as a condition precedent to a child or party obtaining the benefits of that Code section where either can show a significant variance between the guidelines and the court's prior decree. In such situations, the Code itself supplies the reasons to review the previous award and apply the guidelines; if the trial court declines to apply them it must "make written findings in the order" showing why "the application of the guidelines would be unjust or inappropriate" to the case. No such findings were contained in the decree from which this appeal emanates.

Accordingly, for the reasons stated the judgment of the trial court is reversed and this cause is remanded for such further review and findings consistent with this opinion as may be appropriate.

*Reversed and remanded.*

Benton, J., and Duff, J., concurred.