## CIRCUIT COURT OF THE CITY OF RICHMOND

William S. Hiner

v.

Grace Hadeed

June 18, 1993

Case No. P-3809

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on the father's petition for a reduction in child support. The petition is based on the General Assembly's enactment, on July 1, 1992, of provisions regarding "shared custody" of children, and the fact that the last support order was entered prior to such enactment. By previous order, the court ordered a temporary reduction in support, but refused to enter a permanent order until a full hearing could be held. Because of numerous pretrial problems, including several discovery disputes and miscommunications about hearing dates, the full hearing was only recently held. I will now make my ruling.

The father argues that the enactment of the shared custody provisions in Va. Code § 20–108.2 after the entry of a support order is, in those cases where shared custody exists, a sufficient basis on which to seek modification of a support award. I agree.[1]

In *Milligan v. Milligan*, 12 Va. App. 982, 407 S.E.2d 702 (1991), the court said:

> We do not agree that the material or substantial change of circumstance rule established prior to the enactment of Code § 20–108.2 is required as a condition precedent to a child or party obtaining the benefits of that Code section where either

---

[1] The Division of Child Support Enforcement, which is representing the children's interests in this case, does not dispute the applicability of the Code's shared custody provisions to the facts of this case.

> can show a significant variance between the guidelines and the court's prior decree. In such situations, the Code itself supplies the reasons to review the previous award and apply the guidelines . . . .

12 Va. App. at 988.

The above-cited rule applies to those cases where the support award predates the enactment of the guidelines. I believe the same rationale applies to awards which predate the enactment of the shared custody provisions of the guidelines. The case at hand fits that description.

I also feel that I am bound by the holding in *Barnhill v. Brooks*, 15 Va. App. 696, 427 S.E.2d 209 (1993), as follows:

> [W]e hold that, where the movant can show a material change in circumstances justifying review of a prior award, the judge reviewing that award must always recalculate the presumptive amount, regardless of any supported or unsupported deviation in the previous award.

*Id.* at 213. *See also Watkinson v. Henley*, 13 Va. App. 151, 158, 409 S.E.2d 470 (1991).

While *Barnhill* dealt with review upon a change in circumstances, I believe its holding applies to all reviews, including review based on the enactment of the guidelines, as was done in *Mulligan, supra*, or review based on the enactment of shared custody provisions, as is being done here. Accordingly, the guideline amount must be determined.

From the evidence presented at the hearing, I find that the father's gross monthly income is $1,801.35; that is, $1,718.02 from Sun Construction, Inc., and $83.33 from his rental property. The mother's gross monthly income is $3,600. The parties total monthly gross income is $5,401.35. There are two children, so the total support obligation, using the guidelines, is $1,096. The father's share of the total income is 33%, so his presumptive support obligation is $361.68.

Next, the court must apply the Code's provisions concerning shared custody. Again, based on the evidence, I find that the father has physical custody of the children 161.5 days a year, as follows:

| | | | |
|---|---|---|---|
| Every Tuesday and Thursday 40 weeks a year | = | 80 | days |
| Every other weekend (2.5 days) 40 weeks a year | = | 50 | days |
| One week during summer | = | 7 | days |
| Seven weekends (2.5 days) during summer | = | 17.5 | days |
| One day a week during 7 weeks of summer | = | 7 | days |
| Total | | 161.5 | days |

Section 20–108.2(G)(3)(a) through (c) provides that child support in shared custody situations be calculated as follows: first, the "total shared support," which is the statutory guideline amount multiplied by 1.25 must be calculated. Here, that amount is $1,096 times 1.25, or $1,370. Next, each parent's "custody share," the number of days per year each parent has physical custody of a shared child divided by the number of days in the year, must be determined. Here, the father's custody share is 161.5 divided by 365, or 44%. The mother's custody share is 203.5 divided by 365, or 56%. Each parent's "basic child support obligation" is the total shared support multiplied by the other party's custody share. Here, the father's basic child support obligation is $1,370 times 56%, or $767.20. The mother's basic child support obligation is $1,370 times 44%, or $602.80. To these amounts must be added the other party's allowable costs of health care coverage and allowable work-related child care costs. Here, the mother pays health insurance for the children of $125 per month, and each parent has monthly work-related child care costs of $44.92. Thus, the father's obligation becomes $937.12, and the mother's becomes $647.72. Each parent's actual support obligation to the other is then determined by multiplying these last amounts by each parent's percentage of the monthly combined gross income. In this case, the father's actual support obligation is $937.12 times 33%, or $309 (rounded). The mother's actual support obligation is $647.72 times 67%, or $434 (rounded). Finally, the amount of child support *to be paid* is the difference between the amounts actually owed by each parent to the other, with the parent owing the larger amount paying the difference to the other. This results in a monthly payment here from the mother to the father of $125.

The court must also decide on what date to end Mr. Hiner's obligations under the previous court orders. Although Mr. Hiner filed his petition for a reduction in support in February of this year and the merits hearing was held May 27, it is inappropriate to make the current

calculations retroactive to either date. This case involves novel and complicated issues, and I will not punish the wife by making her repay any support previously awarded. Accordingly, the new support payments will begin July 1, 1993.

I ask that Mr. Anderson prepare a sketch of an order in this matter, specifically setting out Ms. Hadeed's support obligation of $125 per month, as well as Mr. Hiner's current arrears. The parties are encouraged, of course, to work out a payment schedule which will eventually eradicate all arrears.