### Alexandria

FRANK T. SLONKA

V.

JOAN LOUISE (SLONKA) PENNLINE

No. 2539-92-4

Decided February 1, 1994

COUNSEL

Stephen M. Farmer, for appellant.

Joan Louise (Slonka) Pennline, *pro se.*

OPINION

**FITZPATRICK, J.**—Frank T. Slonka (appellant) appeals a decision of the trial court denying his motion to reduce child support payments to Joan Louise (Slonka) Pennline (appellee). The sole issue in this appeal is the effect of the 1992 amendment to Code § 20-108.2(G)(3), which establishes a new shared custody guideline category, on a request for modification of an earlier child support award. We hold that a substantive change to the statutory support guideline scheme, when combined with an earlier child support award which varies significantly from the presumptively correct guideline amount, provides sufficient justification for a modification hearing. Because the trial judge failed to consider these changes in denying appellant's motion for a reduction in support, we reverse and remand.

The parties entered into a property settlement agreement on February 19, 1991 that was incorporated into their final divorce decree on January 14, 1992. The agreement provided that the parties would share custody equally of their two children, Gregory, age seven and Nicholas, age five. Further, appellant agreed to pay $500 per month child support, plus an additional amount for child and health care expenses.

At the October 9, 1992 hearing on appellant's request for a reduction in child support, both parties presented evidence of their monthly expenses. Neither party's expenses changed substantially after the property settlement agreement was signed and incorporated into the final divorce decree. Appellant's evidence showed that he is currently paying $844 per month in child support and, if his obligation was calculated under the current shared custody scheme set forth in Code § 20-108.2(G)(3), the presumptive guideline amount would be $54 per month. The difference between appellant's current obligation and the presumptive guideline amount is $790 per month. Appellee testified that she purchased a home in reliance on the earlier agreement and without the current child support she could not continue to meet the children's and her expenses.

The trial judge found that appellant failed to meet his threshold burden of showing a material change of circumstances which would justify a review of the award entered in January 1992. The trial judge specifically found as follows:

There has not been any material change of circumstances as far as the terms of that agreement insofar as the basis for the terms of that agreement, and the court makes that finding. And for that reason I will deny your motion.

The changed guideline criteria of Code § 20-108.2(G)(3), which became effective on July 1, 1992, were not considered.

■ Prior to the enactment of the child support guidelines, proof of a material change of circumstances following the last support award, justifying a modification, was the threshold requirement for a new hearing. *Featherstone v. Brooks*, 220 Va. 443, 446-47, 258 S.E.2d 513, 515 (1979); *Yohay v. Ryan*, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). After the adoption of the original child support guidelines, we held that in a support modification hearing, a threshold showing of material change of circumstances was *not* necessary if the last award pre-dated the enactment of Code § 20-108.2 and varied significantly from the presumptive amount established by application of the statutory guidelines. *Watkinson v. Henley*, 13 Va. App. 151, 156-57, 409 S.E.2d 470, 473 (1991); *Milligan v. Milligan*, 12 Va. App. 982, 988, 407 S.E.2d. 702, 705 (1991).

In *Milligan*, we explained that:

the material or substantial change of circumstance rule established prior to the enactment of Code § 20-108.2 is [not] required as a condition precedent to a child or party obtaining the benefits of that Code section where either can show a significant variance between the guidelines and the court's prior decree. In such situations, the Code itself supplies the reasons to review the previous award and apply the guidelines; if the trial court declines to apply them it must "make written findings in the order" showing why "the application of the guidelines would be unjust or inappropriate" to the case. No such findings were contained in the decree from which this appeal emanates.

12 Va. App. at 988, 407 S.E.2d at 705. We find the case at bar analogous to *Watkinson* and *Milligan*, because the 1992 amendment to Code § 20-108.2(G) created a new category for shared custody

arrangements, which significantly changed the earlier guideline considerations and amounts.

The trial judge erred in requiring an additional change in circumstances for a hearing other than the *substantive* guideline amendment which resulted in a significant disparity in the parties' support obligations. He failed to determine the presumptive amount of child support in accordance with Code § 20-108.2 and, if necessary, to make the required written findings explaining his reasons for deviating from that amount if found to be "unjust or inappropriate." *Richardson v. Richardson*, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). The trial court's order held only that:

> [appellant's] motion for a reduction in child support is denied as the [appellant] has failed to show a significant change in circumstances since entry of the Final Decree of Divorce on January 14, 1992.

It is well settled that "[t]he starting point . . . for determining the child support obligation of a party, whether initially or at a modification hearing, is to compute the presumptive amount using the schedule found in Code § 20-108.2(B). The presumptive amount is rebuttable, however, and the court may deviate from the presumptive amount if such amount is unjust or inappropriate. Code § 20-108.2(A)." *Watkinson*, 13 Va. App. at 158, 409 S.E.2d at 473-74 (citation omitted).

> [W]here parents have agreed upon an amount, or agreed upon other provisions, for the support and maintenance of a child, the trial court must consider the provisions of the agreement, that relate to the factors in Code §§ 20-107.2 and 20-108.1, in deciding whether the presumptive amount would be unjust or inappropriate in a particular case. In so doing, the trial court *must* consider whether the agreed provisions for the child would better serve the interest or "equities" for the parents and children.

*Id.* at 158, 409 S.E.2d at 474 (citing Code § 20-107.2(2)(h)).

For the reasons set forth above, we reverse the judgment and remand the case to the trial court to conduct a support hearing consistent with this opinion.

*Reversed and remanded.*

Benton, J., and Elder, J., concurred.