## CIRCUIT COURT OF THE CITY OF RICHMOND

Laura Hall Boschen (Hall)

v.

Laverne A. Boschen, Jr.

July 8, 1994

Case No. P-2473

BY JUDGE RANDALL G. JOHNSON

This case, in which a final decree was entered on October 16, 1986, has been reinstated on the court's docket pursuant to Va. Code § 20-121.1, as interpreted by the Virginia Court of Appeals in *Crabtree v. Crabtree*, 17 Va. App. 81 (1993). There are three issues for decision:

First, whether defendant, the ex-husband, should be held in contempt of court for his failure to make timely payments of private school tuition for the parties' minor son as required under the parties' separation agreement, which was incorporated into the final decree;

Second, whether there should be an increase in the husband's child support obligation as a result of the post-decree adoption of the child support guidelines, Va. Code § 20-108.2;

And third, whether the wife is entitled to attorney's fees and costs for bringing this matter on for hearing.

These issues will be discussed in order.

### I. *Contempt*

The parties' separation agreement requires the husband to pay "at least 50% of the tuition, books and routine fees required for the child to attend Collegiate Schools for the school years subsequent to the school year 1986-87." Although the husband is now current in his tuition payments, the evidence shows that he has been late in the past, particularly during the

1993-94 school year. This has prompted collection letters to the wife and threats of the son's dismissal from the school. The husband has also refused to sign a "Contract for Enrollment" for the upcoming school year.

The husband concedes that some of his tuition payments have been late. He argues, however, that such late payments were caused not by any desire to violate the court's order but by his financial condition. As soon as he was able to pay, he paid. The husband further claims that his refusal to sign the payment contract for 1994-95 is because he does not agree that he should pay one-half of the normal tuition, but one-half of the tuition that he and the wife are actually charged, as will be explained below.

With regard to the late payments, the court accepts the husband's explanation and does not believe that there was any intentional or willful violation of the 1986 decree. He will not be held in contempt. The husband is admonished, however, that all future payments must be made on time, it being extremely unlikely that the court will be as understanding next time.

With regard to the husband's refusal to sign the payment contract, the issue is a little more involved. As already noted, the parties' agreement requires the husband to pay "at least 50% of the tuition, books and routine fees required for the child to attend Collegiate Schools for the school years subsequent to the school year 1986-87." The agreement is dated January 29, 1986. In August, 1986, the wife, a nurse, went to work at Collegiate. Under Collegiate's policy, children of employees are required to pay only one-half the normal tuition, and it is the husband's argument that he should only have to pay one-half of what Collegiate actually charges for the parties' son to attend. In addition, the final decree, which not only incorporates the parties' agreement but also sets out the subject language concerning tuition word for word, was not entered until October, 1986, after the wife's employment at Collegiate, and after the parties knew that they would only be charged one-half the normal tuition. Thus, according to the husband, he is only responsible for one-fourth of the normal charges. While this argument is unquestionably logical and possibly supported by the agreement's language and the date of the final decree, it is rejected.

From the very first school year after the parties' agreement, the husband has made tuition payments with absolutely no reduction for the wife's employment. It is only now, in the ninth year of the agreement, that the husband for the first time argues that he should not have to pay what he has paid the previous eight years. As was said in *O'Quinn v. Looney*, 194 Va. 548, 552, 74 S.E.2d 157 (1953):

When the terms of an agreement are doubtful or uncertain, the interpretation placed thereon by the parties themselves is entitled to great weight and will be followed if that may be done without violating applicable legal principles.

*See also Blair, Inc. v. Housing Authority*, 200 Va. 815, 819, 108 S.E.2d 259 (1959); *Kiser v. Amal. Clothing Workers*, 169 Va. 574, 591, 194 S.E. 727 (1938); *First Nat. Bank v. Roanoke Oil Co.*, 169 Va. 99, 115, 192 S.E. 764 (1937); 4B M.J., *Contracts*, § 47, pp. 76-78.

Thus, while a different interpretation may have resulted in the absence of the husband's unequivocal conduct here, a matter which the court does not now decide, the husband's conduct over the past eight years leads the court to conclude that he is responsible for one-half of the *normal* tuition, even though that is 100% of the payment actually required for the parties' child. Accordingly, he will be required to sign the subject contract.

## II. *Child Support*

The parties' agreement, signed before the enactment of the child support guidelines, requires the husband to pay $350 a month for child support and to provide medical insurance for the child, currently $72.70 a month, for a total child support payment of $423 (rounded). The wife, citing *Milligan v. Milligan*, 12 Va. App. 982 (1991), requests an increase in child support. The husband contends that no increase is appropriate.

In *Milligan*, the court said that if a final decree ordering child support was entered before the enactment of the guidelines, the trial court must review that award and apply the guidelines if either party can show "a significant variance between the guidelines and the court's prior decree." 12 Va. App. at 988.

From the evidence presented here, the court finds that the husband has a current monthly income, all salary, of $3,638.46. The wife has a current monthly income of $3,108.33, which consists of annual salary at Collegiate of $25,300, plus $12,000 in interest and dividend income, an amount fixed by the court for support purposes based on such income in previous years. This is a total income for both parties of $6,747 (rounded), and a monthly support obligation under the guidelines of $830. Adding the cost of medical insurance, $73 per month, a total support obligation of $903 exists. The husband earns 54% of the parties' income, so his share of the total support obligation is $488. Since the husband pays the total insurance premium, he is entitled to a credit of $34 (46% of $73), which is the wife's share of the insurance obligation. This leaves a balance of $454 as the

husband's monthly obligation under the guidelines, an amount just $31, or 7%, higher than the $423 ($350 child support, plus $73 medical insurance premium) which he is now paying. While the court would probably hold that such a difference is not a "significant increase" under *Milligan* in any event, it is certainly not a significant variance here.

It must be remembered that in addition to the $425 which the husband is paying in child support and insurance premiums, he is also paying tuition and other fees at Collegiate School. For the 1994-95 school year, tuition and fees, or at least the portion of tuition and fees for which the husband is responsible, will be $4,025, or $335 a month. The court assumes, and there is certainly no evidence to the contrary, that the parties took into account the husband's obligation to pay tuition and fees when they set his support obligation at $350; that is, that if the husband had not agreed to pay tuition and fees, the parties would have set his other obligation at more than $350. In any event, private school tuition is not something to which children are inherently entitled. Rather, it is simply an education expense, something which is included in the presumptive amount of child support as calculated in the guidelines. *Smith v. Smith*, 18 Va. App. 427, 444 S.E.2d 269 (1994). *See also El-Amin v. Adams*, No. 1061-93-2 (Va. App. decided June 6, 1994) (unpublished). In light of the husband's payment of a significant amount for tuition and fees, even if the guideline amount of $454 is significantly higher than the pre-guideline amount of $423 which the husband is otherwise paying, a fact which the court specifically does not find, a deviation from the guideline amount would be made. In reality, the husband is already paying $758 per month in child support — $350 in cash to the wife, $73 for insurance, and $335 in tuition and fees. This is far more than is required by the guidelines, and no increase is appropriate.

### III. *Attorney's Fees and Costs*

Plaintiff's motion for attorney's fees and costs is denied for two reasons. First, while the wife is prevailing on her interpretation of the husband's obligation to pay tuition and fees, she is unsuccessful in her attempt to obtain an increase in child support. The husband was also not held in contempt.

Second, the parties have approximately the same income, and the wife's income is certainly sufficient to pay the fees requested here, which are less than $2,000. The husband will not be required to assist her.