## CIRCUIT COURT OF FAIRFAX COUNTY

Irvin Payne, III

v.

Donna Maria Coleman Payne

July 19, 1995

Case No. (Chancery) 139332

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Irvin Payne, III's (Complainant) Motion for Modification of Child Support. The Complainant moves the court to modify the *pendente lite* child support that was awarded to Donna Maria Coleman Payne (Defendant) on June 28, 1995. The Complainant argues that the amount he is required to pay should be reduced pursuant to the revised Child Support Guidelines, which took effect in the Code of Virginia on July 1, 1995. The issue presented is whether the *Pendente Lite* Order should be modified in accordance with statutory provisions which take effect after the entry of that order. Having considered the motion and supporting cases submitted by counsel, the Court denies the Motion for Modification of Child Support.

Following a contested hearing on June 28, 1995, a *Pendente Lite* Order was entered awarding the Defendant child custody, child support, spousal support, and health care coverage. The Court awarded child support to the Defendant in the amount of $1,739.00 each month, beginning on July 1, 1995. The revised Child Support Guidelines took effect on July 1, 1995.

Under these revisions, Complainant argues the amount of child support required would be reduced by 29%. Va. Code § 20-108.1 (1995).

Complainant argues that the revised Child Support Guidelines should be applied to modify the *Pendente Lite* Order. He relies on *Slonka v. Pennline*, 17 Va. App. 662 (1994), and *Milligan v. Milligan*, 12 Va. App. 982 (1991), in support of this position. In each case, the Court of Appeals reversed decisions denying the requested modifications of permanent support and held that a "material change of circumstances is not required as a condition precedent to obtaining the benefits . . . where either party can

show a significant variance between the guidelines and the court's prior decree." *Id.* at 988. Complainant contends that the 29% reduction under the 1995 Child Support Guidelines constitutes a significant variance and warrants a modification of the *Pendente Lite* Order.

The case at bar is distinguishable from *Slonka* and *Milligan* in that the issue involves a *pendente lite* order, not a permanent support award after a final hearing. A *pendente lite* order is by definition a temporary award of support pending a final hearing on the merits in the case. The final hearing in this case is set for trial in November, 1995. Multiple reviews of *pendente lite* orders would require the expenditure of precious litigation expenses and would not assist the parties in bringing their case to a conclusion. It is especially uneconomical in this instance, as the *Pendente Lite* Order has only been in effect for 19 days. Absent a showing of an extreme change in the parties' circumstances, such as severe illness or loss of employment, or other good cause, this *pendente lite* order is the law of the case until the final hearing. Permanent child and other support will be fully litigated at the final hearing.

Accordingly, Complainant's Motion for Modification of Child Support is denied. The Court re-affirms that the Complainant may move the Court to accelerate the proceeding by requesting an earlier date for final hearing with this Court.