COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


JACK KENT COOKE
                                            OPINION BY
v.          Record No. 2289-95-4    JUDGE RICHARD S. BRAY
                                         AUGUST 20, 1996
SUZANNE MARTIN COOKE


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 William Shore Robertson, Judge

        Edwin A. Williams (Kellogg, Williams & Lyons,
        on briefs), for appellant.

        Mark A. Barondess (Milissa R. Spring; Sandground,
        Barondess & West, P.C., on brief), for appellee.



     Acting on petition of Suzanne Martin Cooke (wife), the trial

court increased previously ordered child support payable by Jack

Kent Cooke (husband) and awarded wife attorney's fees incidental

to the proceedings.  Husband appeals, complaining that the

support order did not comply with applicable statutory guidelines

and that the fees were excessive.  Finding that the trial court

did not adhere to the appropriate guideline, we reverse the

support award.

     The pertinent facts are uncontroverted.  The parties were

divorced in November 1988, and husband was ordered, by decree

entered on January 23, 1990, to pay wife $2,420 per month for the

support and maintenance of the child born of the marriage.  On

July 21, 1994, wife petitioned for an increase, pleading a

material change in circumstances arising from both the economic

status of the parties and the child's needs.  Following several

ore tenus hearings, the trial court concluded that a review of the earlier order was warranted and conducted a further hearing on July 14, 1995 to ascertain an appropriate modification and attendant attorney's fees.  In accordance with correspondence to counsel dated August 1, 1995, the court, by order entered September 26, 1995, increased husband's monthly child support obligation from $2,420 to $3,845.66, retroactive to the date he received notice of wife's motion, July 28, 1994, and awarded wife attorney's fees of $18,512.50.

This increase comported with the presumptive child support prescribed by Code § 20-108.2, as amended in 1992, the statute which controlled when wife filed her petition.  However, during the pendency of the proceedings, Code § 20-108.2 was amended, effective July 1, 1995, reducing from two percent to one percent the presumptive support due from gross monthly income in excess of $50,000.  Husband, therefore, urged the court to apply the amended guideline, effective at the time of its ruling.  In overruling husband's motion, the trial court relied upon our decision in Gaynor v. Hird, 11 Va. App. 588, 400 S.E.2d 788 (1991), as authority for applying the statute which existed at the inception of this cause.

Application of Child Support Guidelines

Child support guidelines were enacted by the General Assembly in furtherance of national policy intended to "assure that both the child's needs and the parent's ability to pay are

considered in determining the amount of support awards and to decrease the disparity in . . . awards . . . ." Richardson v. Richardson, 12 Va. App. 18, 20, 401 S.E.2d 894, 895 (1991). Thus, "[i]n determining child support, there is a rebuttable presumption that the amount determined in accordance with the statutory guidelines, Code § 20-108.2, is the correct award." Brooks v. Rogers, 18 Va. App. 585, 591, 445 S.E.2d 725, 728 (1994). Should the trial judge conclude that "application of [such] guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in §§ 20-107.2 and 20-108.1," the court may depart from the statutory schedule, provided the attendant order adequately explains the deviation. Code § 20-108.2(A); Brooks, 18 Va. App. at 591, 445 S.E.2d at 728.

It is also well established in our jurisprudence that trial courts may "adjust child support . . . when the petitioning party has proven by a preponderance of the evidence a material change in circumstances." Kaplan v. Kaplan, 21 Va. App. 542, 547, 466 S.E.2d 111, 113 (1996); see also Code § 20-108. Once a party has demonstrated a material change, the court must "'determine whether that change justifies a modification in the support award by considering "the present circumstances of both parties and the benefit of the children."'" Kaplan, 21 Va. App. at 547, 466 S.E.2d at 113 (citation omitted) (emphasis added). A "substantive guideline amendment which result[s] in a significant

disparity in the parties' support obligations" constitutes a material change in circumstances created by the Code itself. Slonka v. Pennline, 17 Va. App. 662, 664-65, 440 S.E.2d 423, 425 (1994) (emphasis in original); Milligan v. Milligan, 12 Va. App. 982, 988, 407 S.E.2d 702, 705 (1991). Thus, an amended guideline may at once justify review of a prior order and specify the presumptively correct amount of child support due under existing circumstances. Hiner v. Hadeed, 15 Va. App. 575, 578-79, 425 S.E.2d 811, 813 (1993).

Here, the trial court initially concluded that a material change in circumstances unrelated to a guideline amendment justified review of the prior order. Subsequently, while the court contemplated an appropriate modification, the General Assembly amended the statutory guideline schedule, decreasing the presumptive amount of child support for monthly gross incomes in excess of $50,000, which resulted in a substantial reduction to husband's obligation.[1] Thus, an additional material change in circumstances occurred which necessitated the attention and compliance of the court in properly adjudicating the petition. When the trial court declined to apply the amended guideline to that portion of the award which accrued subsequent to July 1, 1995, without a written explanation for a deviation from the presumptive amount, the original order was modified contrary to

---

[1]The existence of a "significant variance" between the former and amended schedules is not in dispute. Milligan, 12 Va. App. at 988, 407 S.E.2d at 705.

statute.

The wife and the trial court mistakenly rely on Gaynor v. Hird, 11 Va. App. 588, 400 S.E.2d 788 (1991), to support the contention that the instant award is controlled by the guidelines which pertained when wife filed her petition. In Hird, we concluded that, in the absence of a contrary legislative intent, the authority of a trial court to order the transfer of property in equitable distribution was limited by the statute in effect at the commencement of that action. Id. at 590-91, 400 S.E.2d at 789. In contrast, the statutory scheme established by Code §§ 20-107.2, -108, -108.1, and -108.2, and related enactments, manifest a clear legislative intent that the courts of this Commonwealth determine the issue of child support with contemporaneity, in consideration of prevailing circumstances and consistent with existing guidelines. The application of a repealed guideline schedule to ascertain a current award would subvert this legislative design.

Similarly, contrary to husband's argument, trial courts may not retroactively apply amended guidelines to fix awards for periods governed by prior guidelines, absent written findings justifying a departure from the former statute.

Accordingly, we find that the trial court erred in its determination of husband's required monthly child support payment for the period subsequent to July 1, 1995, and remand for the proper application of the amended guidelines.

Attorney's Fees

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The "key to a proper award of counsel fees" is "reasonableness under all of the circumstances." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). To promote this determination, "evidence in the record [must] explain or justify the amount of the award." Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988). "Where the trial judge finds that a fee award is justified, evidence of time expended and services rendered is a proper basis upon which to fix an award." Id.

Wife submitted an affidavit which detailed counsel fees totaling $31,572.52, together with related costs of $1,511.77, all attributable to these proceedings. The court, noting that the "animus between the parties" and "their procedural posturing" had generated "extensive hearings" involving "numerous issues," awarded a fee of $18,512.50 and costs, an amount deemed consistent "with the charges prevailing in [the] jurisdiction." Upon a review of the record, we find no abuse of discretion in this award.

Accordingly, the order of the trial court is affirmed in part, and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>

<u>reversed in part,</u>
<u>and remanded.</u>