COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Russell and Malveaux
Argued at Richmond, Virginia


MATTHEW BRANT FORD

                                      MEMORANDUM OPINION[*] BY
v.       Record No. 1125-16-2       JUDGE WESLEY G. RUSSELL, JR.
                                        FEBRUARY 7, 2017

ALYSSA ANNE JOHANSEN


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

Jesse Baez (Hairfield Morton Watson Adams PLC, on brief), for
appellant.

Alyssa Anne Johansen, *pro se.*


As a result of a 2014 divorce decree, appellant, Matthew Brant Ford (father), must pay

monthly child support to appellee, Alyssa Anne Johansen (mother), for the care and support of their

two minor children. In 2016, father sought a downward modification to the support award and now

appeals an order of the circuit court denying his motion based upon the circuit court's finding that

no material change in circumstances had occurred. He asserts the circuit court erred in failing to

consider mother's financial circumstances as they existed prior to the initial child support order,

failing to conclude that an alleged increase in mother's income and an alleged decrease in his

income constituted a material change in circumstance, and in failing to find that the legislative

changes to the 2014 child support guidelines constituted an exception to the requirement of a

material change in circumstances. Father also requests attorney's fees on appeal. For the reasons

stated, we affirm the judgment of the circuit court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND

"On appeal, we construe the evidence in the light most favorable to [mother], the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom." Wright v. Wright, 38 Va. App. 394, 398-99, 564 S.E.2d 702, 704 (2002) (citing Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995)). "That principle requires us to discard the evidence of the [father] which conflicts, either directly or inferentially, with the evidence presented by the [mother] at trial." Petry v. Petry, 41 Va. App. 782, 786, 589 S.E.2d 458, 460 (2003) (citation omitted). So viewed, the facts relevant to this appeal are as follows.

Mother and father are the parents of two young children. The parties divorced in April of 2014. The final decree ordered father to pay mother $3,250 per month in child support. The amount, which was adopted by the circuit court, was determined by agreement of the parties reached in 2013 and not as a result of a guideline calculation pursuant to Code § 20-108.2.[1]

Father filed a motion in the juvenile and domestic relations district court for a reduction in child support. On February 9, 2016, based upon the parties' incomes and the child support guidelines, the juvenile court reduced the amount of child support to $1,344 per month. Mother appealed that order to the circuit court on February 18, 2016.

_____

[1] The final decree of divorce does not contain an indication that the circuit court computed the presumptive amount of support due under the guidelines and does not contain any explanation of why the circuit court elected to deviate from the presumptive amount and ordered support consistent with the parties' agreement. Although a guideline determination and written explanation of any deviation from the guideline amount is required by Code § 20-108.2, neither party appealed the final decree when it was entered in 2014, and thus, those issues are not before us in this appeal. Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). Although the unappealed error in the 2014 order complicates father's efforts to establish a material change in circumstance, he was and remains free to attempt to do so. Id. at 581, 425 S.E.2d at 815 (addressing request for modification but recognizing that, despite lacking a description of the circumstances that led the circuit court to deviate from the guidelines initially, the unappealed erroneous support award will be the baseline for an attempt at modification of child support, making it difficult for a parent to establish a material change from those unrecorded circumstances so as to justify amending the award).

The circuit court heard evidence on June 8, 2016. Mother was called as an adverse witness. She testified that the final order entered on April 11, 2014, was based upon circumstances as they existed on August 16, 2013, and testified that, as of that time, she was employed in an unspecified position with Restoration Hardware. At that point, mother's counsel objected to inquiries about employment and earnings that predated the final decree. The circuit court sustained the objection to the line of questioning, and father did not proffer what additional questions he intended to ask about mother's employment and income in 2013 or what answers he would have received to those questions if the circuit court would have permitted the line of questioning.

Mother then testified regarding her employment and income history since the entry of the final decree. She testified that she owned and operated an interior design firm. She initially opened the firm in 2010, but closed it, and then re-opened it in 2014. She testified that her net taxable income from the business in 2014 was $2,798 and that her net taxable income from the business in 2015 was $18,189.

Mother testified regarding a profit and loss statement for her business through May of 2016. Consistent with the entries on the profit and loss statement, mother testified that her interior design firm had already generated net income in excess of $25,000 in 2016. However, there was no testimony as to whether those funds would be received by mother as income at the end of the year or used for some other business purpose. Furthermore, mother testified that the nature of her business was that revenue was uncertain and subject to fluctuation. She said there was no guarantee that the net income for the business in the second half of 2016 would match the first half and no guarantee that she would make either more or less in subsequent time periods.

Father testified regarding his employment and income. He is the owner of a painting business that performs "[r]esidential repaints." He indicated that his business took a "negative

turn" in the time since the final decree was entered. He testified that his business' gross receipts declined by approximately $60,000 from tax year 2014 to tax year 2015. His tax returns indicated that the business had gross receipts of $229,145 in 2014 and $161,633 in 2015. He acknowledged on cross-examination (and his tax returns indicated) that the business had gross receipts of $182,083 in 2013.

In addition to identifying the gross revenues of his business, the tax returns also indicated the income father received from the business in the period from 2013 through 2015. According to the returns, father received $32,361 in income from the business in 2013, $54,245 in 2014 and $55,011 in 2015.[2] Thus, despite the fluctuations in the business' gross receipts in the three-year period, father's income from the business increased in each year and his business income in 2015 represented an almost 70% increase over that income in 2013, the last tax year before the entry of the final decree.

The circuit court concluded that, based on the evidence presented, father had failed to establish that he was entitled to the relief sought. Specifically, the circuit court stated from the bench that

> [a]fter careful consideration of the evidence presented today, the [c]ourt finds that there has not been a material change in circumstances and that the [father] is estopped by his previous agreement and by the previous order unless he can show a material change in circumstances.
>
> And again, the [c]ourt having found that he did not demonstrate that there has been a material change in circumstances, I order that the original amount in the 2014 decree is the amount that he owes at 3,250 dollars a month.

---

[2] The tax returns indicated that father had adjusted gross income of $5,576 in 2013 and $42,303 in 2014. Father's tax return for 2015 reported adjusted gross income of $87,358; however, unlike the tax returns for 2013 and 2014, the 2015 return was not an individual return, but rather, a joint return father filed with his current spouse. He testified that $40,697 of income reflected on the return was her income. Accordingly, *his* adjusted gross income for 2015 was $46,661.

The court memorialized the decision in a written order dated June 9, 2016. Father noted an appeal, asserting the following assignments of error:

> 1. The [circuit c]ourt erred in failing to consider Mother's financial circumstances as they existed on August 16, 2013 as the prior child support order was based on circumstances as they existed on that date, in evaluating whether or not a material change of circumstances had occurred.
>
> 2. The [circuit c]ourt erred in failing to find that Mother's increase in income from 2014 to 2016 constituted a material change in circumstances.
>
> 3. The [circuit c]ourt erred in failing to find that Father's decrease in income from 2014 to 2016 constituted a material change in circumstances.
>
> 4. The [circuit c]ourt erred in failing to find that the legislative changes to the child support guidelines in 2014 constitutes an exception to the material change in circumstances requirement for modifying child support.

Finally, father requests that we award him the attorney's fees he has incurred in prosecuting this appeal.

ANALYSIS

I. Mother's Income History Prior to the Entry of the Final Decree

In his first assignment of error, father challenges an evidentiary ruling of the circuit court. Specifically, he argues that "[t]he [circuit c]ourt denied any inquiry to [w]ife's circumstances" at the time the parties reached their agreement regarding child support, and thus, prevented him from demonstrating the necessary material change in circumstances.

"Generally, the admissibility of evidence is within the discretion of the trial court and [the appellate court] will not reject the decision of the trial court unless [the appellate court] find[s] an abuse of discretion." Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010). A "trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (internal

- 5 -

quotation marks and citation omitted), <u>adopted upon reh'g *en banc*</u>, 45 Va. App. 811, 613 S.E.2d 870 (2005). Instead, a reviewing court can only conclude that an abuse of discretion has occurred in cases where "reasonable jurists could not differ" about the correct result. <u>Id.</u>

As will be discussed more fully in Section II below, father had the burden of establishing a material change in circumstances. Often, a litigant will be able to do so by inquiring about current circumstances and comparing them to the circumstances regarding income and the reasons for a prior deviation from the child support guidelines reflected in the order containing the support award; however, as noted above, the 2014 final decree does not contain any of that information.[3] Thus, father's only avenue for establishing what the parties' financial circumstances were at the time of the child support award was to seek the introduction of evidence regarding those circumstances. The circuit court erred in sustaining mother's relevance objection to questions about her income in 2013.

Our determination that the circuit court erred does not necessarily entitle father to relief. The only question that father asked regarding mother's circumstances in 2013 was where she worked. Prior to the objection, mother answered that she worked at Restoration Hardware. That answer was not stricken, and therefore, was and is evidence in the case.

---

[3] The requirement that, to obtain a modification of a child support award in the future, a party must establish a material change in circumstances from the existing award

> underscore[s] the reasons why trial judges must adhere to the statutory requirements and set support in accordance with the guidelines, or explain by written findings the reasons for deviating. . . . *Trial judges must make the requisite specific written findings . . . to enable trial judges in future hearings to decide whether and how to increase, decrease, or terminate support. Only by having specific written findings will trial judges in subsequent proceedings be able to make informed decisions on how a change in circumstances may justify modification or may justify continued deviation from the guidelines.*

<u>Hiner</u>, 15 Va. App. at 582, 425 S.E.2d at 815 (emphasis added) (internal citations omitted).

The effect of the objection was prospective; the circuit court's ruling made clear that it would not allow as evidence additional testimony about mother's employment and income in 2013. Thus, it operated as a rejection of questions before they were asked and answers before they were given.

"In Virginia, when testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer." Ray v. Commonwealth, 55 Va. App. 647, 649, 688 S.E.2d 879, 880 (2010) (internal quotation marks and citation omitted). For a proffer to be sufficient, it must allow us to examine both the "admissibility of the proposed testimony," and whether, even if admissible, its exclusion "prejudiced" the proffering party. Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006) (citations omitted). "The failure to proffer the expected testimony is fatal to [the] claim on appeal." Id. at 367-68, 624 S.E.2d at 97.

Here, father made no proffer of any kind. Thus, we do not know what additional questions he would have asked or the answers he would have received but for the circuit court's ruling on the relevance objection. Absent a proffer, the record is silent about mother's income from Restoration Hardware in 2013. It could have been higher, lower, or the same as her income in 2014, 2015 and the first five months of 2016. If her income in 2013 were equal to or greater than her income in 2014, 2015 or 2016, that would not represent a material change in circumstances justifying a downward modification of father's support obligation. Because we cannot speculate to fill in the evidentiary gap left by the failure of father to proffer the questions and answers, we cannot conclude that father was prejudiced by the circuit court's erroneous ruling on the relevance objection. Accordingly, despite the error, father is not entitled to the relief he seeks related to his first assignment of error.

## II.  Alleged Material Changes in Circumstances

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence."  Oley v. Branch, 63 Va. App. 681, 699, 762 S.E.2d 790, 799 (2014).  Child support decisions, like "[s]pousal support determinations[,] typically involve fact-specific decisions best left in the 'sound discretion' of the trial court."  Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008) (quoting McKee v. McKee, 52 Va. App. 482, 489, 664 S.E.2d 505, 509 (2008) (*en banc*)).

Because child support awards involve not just the interests of the parents, but also the children who are not parties in the litigation, child support awards require involvement of the trial court.  Although parties are free to propose what they believe is an appropriate amount of child support given the circumstances, "parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support."  Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994).  Thus, a child support award, whether an agreed upon amount proposed by the parties or an amount determined by the trial court after an adversarial proceeding, is reflected in a court's final order.

Unlike most court orders, orders regarding child support remain under the jurisdiction of the circuit court long after the twenty-one-day period specified in Rule 1:1 has run.  Regarding child support awards, the General Assembly has provided that "[t]he court may . . . revise and alter such decree . . . as the circumstances of the parents and the benefit of the children may require."  Code § 20-108.  However, a court may exercise the power granted by Code § 20-108 to modify a child support award only if "a material change of circumstance has occurred since the last award or hearing to modify support . . . ."  Hiner, 15 Va. App. at 579, 425 S.E.2d at 814

(internal quotation marks and citations omitted).[4] Absent a showing of a material change in circumstances, a circuit court is barred from exercising its authority under Code § 20-108 by the doctrine of *res judicata*. Id. at 580, 425 S.E.2d at 814; see also Milam v. Milam, 65 Va. App. 439, 452, 778 S.E.2d 535, 541 (2015).

Father argues that the circuit court erred in concluding that he had not established a material change in circumstances that merited reviewing the prior child support award. Specifically, he argues that both alleged increases in mother's income in the time since 2013 and alleged decreases in his income in that time period constituted material changes in circumstances.

"Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). The party seeking the modification of the prior child support award "bears the burden of proving a material change of circumstance." Milam, 65 Va. App. at 452, 778 S.E.2d at 541. Applying these standards, we address each of father's arguments in turn.

A. Alleged Increase in Mother's Income

Father argues that alleged increases in mother's income from 2014 through 2016 constituted a material change in circumstances that required the circuit court to entertain his request for a downward modification in the support award. Although the evidence does

---

[4] The requirement of a material change in circumstances for a trial court to alter a prior child support award and the ability of the trial court to do so once a material change in circumstances has been established apply with equal force to child support awards that began as an agreement of the parents and support awards that were determined by the trial court after an adversarial proceeding. See, e.g., Goldin v. Goldin, 34 Va. App. 95, 102, 538 S.E.2d 326, 330 (2000) (noting that the "power to modify child support is not affected by the prior act of affirming, ratifying and incorporating into the divorce decree *the child support agreement between the husband and wife*" (emphasis added)); Kaplan v. Kaplan, 21 Va. App. 542, 547, 466 S.E.2d 111, 114 (1996) (holding that "an *agreement* or decree regarding child support can never permanently fix the amount of support" and is subject to modification under Code § 20-108 (emphasis added)).

demonstrate an increase in income mother received from her business from 2014 to 2015,[5] the circuit court did not err in finding no material change in circumstances related to the alleged increase in mother's income.

As noted above, the material change in circumstances inquiry seeks to determine whether "a material change of circumstance *has occurred since the last award or hearing to modify support . . . .*" Hiner, 15 Va. App. at 579, 425 S.E.2d at 814 (internal quotation marks and citations omitted) (emphasis added). It is impossible to show such a change without first establishing the baseline—that is, what mother's income was in 2013.[6] The record is silent as to mother's earnings in 2013; thus, it cannot be determined from this record whether her income in 2015 was less than, equal to, or greater than her income in 2013.[7] Because the record does not establish that mother's income had materially changed from her baseline income in 2013, the circuit court did not err in concluding that father had failed to establish a material change in circumstances.[8]

---

[5] The evidence adduced regarding mother's income in 2016 was limited to the profit and loss statement for her business. Although the business generated an operating profit of more than $25,000 in the first five months of 2016, the profit and loss statement did not indicate that any of those profits had been taken by mother as income. Although one could infer that eventually she would take the profits as income, other possibilities, such as reinvesting them in the business, exist. Viewed in the light most favorable to mother, the evidence does not establish what her income was in 2016.

[6] 2013 is the appropriate baseline for determining the parties' annual income. As father argues, the parties reached their agreement in 2013 and 2013 was the last full tax year before the trial court adopted the parties' agreement in the April 2014 final decree, and thus, the last annual income information available at the time of entry of the final decree was 2013.

[7] That mother's income increased from 2014 to 2015 is immaterial to the question of whether her income increased from the 2013 baseline.

[8] We recognize that father's efforts to establish mother's baseline income were frustrated by the circuit court's ruling on the relevance objection; however, this simply underscores the need for father to have proffered the testimony/evidence that was precluded by the circuit court's ruling.

B. Alleged Decrease in Father's Income

Father argues that the reduction in gross receipts of his business in 2015 compared to the gross receipts of his business in 2014 establishes that his "income has been involuntarily reduced" and that the circuit court erred in not concluding that this alleged reduction was a material change in circumstances meriting reopening the prior child support award. Because father's argument contains a false premise, the circuit court did not err in concluding that there was no material change in circumstances regarding father's income that would support a downward modification of his child support obligation.

Specifically, although the evidence may be read to establish that there was a decrease in the gross receipts of father's business from 2014 to 2015,[9] the evidence did not establish that there had been a corresponding decrease in *father's* income. In fact, the evidence established that, for the relevant period, the opposite was true—father's income increased every year. He received $32,361 in income from the business in 2013, $54,245 in 2014 and $55,011 in 2015. Thus, despite the fluctuations in the business' gross receipts in the three-year period, father's income from the business increased in each year and was nearly 70% higher in 2015 than in 2013, the last tax year before the entry of the final decree. By definition, the circuit court could not have erred by "failing to find that [f]ather's decrease in income . . . constituted a material

---

[9] Mother also testified that

> while we were married, I told him I would not file taxes with him anymore because the amount that he was claiming was so different than what he was actually pulling in and my name was all over his accounting records because I did his payroll. I didn't want to get in trouble for that. He doesn't do things on the books.

Thus, viewing the evidence in the light most favorable to mother, a rational trier of fact could conclude that, if anything, the tax returns understated the business' gross receipts and father's income.

- 11 -

change in circumstances" when the evidence, viewed in the light most favorable to mother, established that there was no decrease in father's income.[10]

### III.  The 2014 Legislative Amendments to Code § 20-108.2

Father notes that, in 2014, the General Assembly amended the child support guidelines found in Code § 20-108.2.  He argues that the 2014 amendments create an exception to the material change in circumstances requirement, and thus, the circuit court was required to review the prior child support award.  We disagree.

We previously have recognized that changes to the child support guidelines *can* allow a circuit court to revisit a previously entered child support award.  When the General Assembly first enacted child support guidelines, we found that a party who was subject to a child support award made prior to the enactment of the guidelines was entitled to have the child support award reviewed in light of the guidelines without demonstrating some other change in circumstances.  In essence, the sea change of switching from a system where there were no guidelines governing child support awards to one in which such guidelines provided the presumptively correct amount was significant enough for a circuit court to review its prior award.  See Milligan v. Milligan, 12 Va. App. 982, 988, 407 S.E.2d 702, 705 (1991); Watkinson v. Henley, 13 Va. App. 151, 157, 409 S.E.2d 470, 473 (1991).

Although our decisions in Milligan and Watkinson largely were based on the radical change of switching from a no guideline regime to a guideline regime, we have extended the principle to cases where substantive changes to the guidelines yield significant differences in required support.  See, e.g., Slonka v. Pennline, 17 Va. App. 662, 664-65, 440 S.E.2d 423, 425

---

[10] Furthermore, we note that, even if a party demonstrates a material change in circumstances, that does not, standing alone, entitle him to a modification of the prior support award.  The change in circumstances also must be of such a character that changing the prior award is "justified."  Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).

(1994). In Slonka, despite sharing custody of the parties' child, Mr. Slonka was subject to a

child support order under which he was paying $844 per month. Id. at 663, 440 S.E.2d at 424.

After entry of the support award but before father sought a modification of the award, the

General Assembly enacted Code § 20-108.2(G)(3), which altered the manner in which support

was calculated in instances of shared custody.[11] Id.

Mr. Slonka produced evidence in the circuit court that demonstrated that, instead of

paying $844 per month, "if his obligation was calculated under the current shared custody

scheme set forth in Code § 20-108.2(G)(3), the presumptive guideline amount would be $54 per

month." Id. Based on Mr. Slonka's evidence, we concluded that the legislative changes to the

guidelines "created a new category for shared custody arrangements, which significantly

changed the earlier guideline considerations and amounts . . . ," requiring the circuit court to

review the prior support award. Id. at 664-65, 440 S.E.2d at 425.

Although we have recognized that legislative amendments to the child support guidelines

can require a circuit court to revisit a prior child support award, we have been inconsistent in

describing why. For example, in Cooke v. Cooke, 23 Va. App. 60, 64, 474 S.E.2d 159, 161

(1996), we stated that a significant legislative amendment to the guidelines "constitutes a

material change in circumstances created by the Code itself." The very next year, in Head v.

Head, 24 Va. App. 166, 176, 480 S.E.2d 780, 785 (1997), we stated that it was "technically

incorrect" that a legislative amendment could be a material change in circumstances. Rather, we

characterized it as an "exception" that allows revisiting a prior child support award when the

---

[11] Prior to the 1992 amendments, the child support guidelines recognized two categories of custody: sole and split. The 1992 amendments created a third category: shared custody. 1992 Va. Acts ch. 860. For those already in shared custody situations, the creation of the new category was a change on par in significance with the initial creation of the guidelines.

legislative changes "significantly changed the earlier guideline considerations and amounts." Id. (quoting Slonka, 17 Va. App. at 664, 440 S.E.2d at 425).

Regardless of the inconsistent nomenclature we have used, the standard for a legislative change requiring a circuit court to revisit a prior child support award has remained the same. For a legislative amendment to the guidelines to require a circuit court to revisit a prior child support award, the legislative change itself must be substantive and significant. Thus, for cases such as this one, where the initial award occurred with an applicable guideline regime in place, the change to the guidelines must render a result that is significantly different from what the prior version of the guidelines would have yielded.[12] Id. (recognizing that revisiting the prior award is only appropriate "where a legislative amendment to the child support guidelines 'significantly changed *the earlier guideline considerations and amounts*'" (emphasis added) (quoting Slonka, 17 Va. App. at 664, 440 S.E.2d at 425)). Furthermore, the party seeking the modification bears the burden of establishing that the legislative change is substantive and results in a significant difference.

Here, father offered no evidence as to the substance of the legislative change to the guidelines or what impact the change would have had on a guideline calculation in this case. In fact, father never even requested that the circuit court review the changed guidelines, simply asserting that he was entitled to have the support award reviewed because there had been some unspecified amendment to the guidelines. Accordingly, unlike Mr. Slonka who adduced

---

[12] Thus, other changes in the parties' circumstances do not affect whether the *legislative change* requires a trial court to revisit the prior child support award. This does not prevent those other changes in circumstances, if established by the evidence, from constituting material changes in circumstances in and of themselves.

- 14 -

evidence that demonstrated that the change in the guidelines significantly changed the guideline calculation in his case, father offered nothing to establish that the amendment was either substantive or significant.[13]  Accordingly, the circuit court did not err in concluding that father had failed to establish that the legislative amendments warranted revisiting the prior support award.

IV.  Father's Request for Attorney's Fees

Father requests that we award him the attorney's fees he has incurred in prosecuting this appeal under "the principals [sic]" of our decision in O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).  We award appellate fees only in the unusual case where the arguments on appeal are "not fairly debatable under any reasonable construction of the record or the governing legal principles."  Brandau, 52 Va. App. at 642, 666 S.E.2d at 538 (citing O'Loughlin, 23 Va. App. at 695, 479 S.E.2d at 100).  Having affirmed the final judgment of the circuit court, we perceive no reason to award father the attorney's fees incurred in challenging that judgment.  Accordingly, we deny father's request for attorney's fees.

CONCLUSION

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

---

[13] The 2014 legislative amendments were enacted as Chapter 667 of the 2014 Acts of Assembly.  Although in a few instances the presumptive amount of support was lower than in the prior guidelines, the revised guidelines increased, by nominal amounts, the presumptive amount of support in the vast majority of cases.  For example, for every circumstance applicable to a family with annual income between $30,000 and $60,000, the presumptive amount of support increased slightly.  2014 Va. Acts ch. 667.  Absent unusual circumstances, it is unlikely that these slight *increases* would be considered significant, and certainly they do not justify father's motion to *decrease* the amount of support he has been ordered to pay.

- 15 -