COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


TOVE REIAKVAM HEAD
                                        OPINION BY
v.       Record No. 0159-96-4    JUDGE ROSEMARIE ANNUNZIATA
                                        FEBRUARY 11, 1997
GORDON LAWRENCE HEAD


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Jane Marum Roush, Judge

        Carole Ann Roop (Robert E. Shoun; Shoun &
        Bach, on briefs), for appellant.

        Joseph A. Condo (Cheryl K. Graham; Condo &
        Masterman, on brief), for appellee.


     This matter came before the circuit court on the parties'

cross-motions seeking modification of child and spousal support

awards.  The court found the only material change of circumstance

affecting the parties was the July 1995 legislative revision to

the child support guidelines.  As a result, the court reduced

husband's child support obligation commensurate with the revised

guidelines but declined to modify spousal support.  Wife appeals,

contending that the trial court erred (1) in refusing to deviate

from the presumptive amount of child support established by the

revised guidelines; or, alternatively, (2) in refusing to

increase spousal support in an amount equivalent to the reduction

in child support; and (3) in refusing to award her attorney's

fees.  Husband raises assignments of cross-error, contending that

the trial court erred (1) in determining his income for 1994 and

1995; (2) by failing to consider the reduction in his income a

material change in circumstance; (3) in refusing to order the reduction in child support retroactive to July 1, 1995; and (4) in refusing to award him attorney's fees. Finding no error, we affirm the trial court's decision.

## I. RELEVANT FACTS

Appellant, Tove Reiakvam Head (wife), and appellee, Gordon Lawrence Head (husband), were divorced by final decree entered June 22, 1993. The parties are the parents of one minor child.

Pursuant to a pendente lite decree, husband paid wife $2,000 per month in child support and $5,000 per month in spousal support, based on his projected income of $270,000 for 1992. Following the divorce proceedings, the court found that husband had "grossly underestimated" his projected earnings, finding his yearly income to be approximately $450,000. The final decree ordered husband to pay $3,062 in monthly child support, based upon the applicable guidelines, and $5,688 in monthly spousal support. Although the court also found that wife, who was not working, would be able to earn between $20,000 to $35,000 annually, it declined to impute income to her. Instead, the court based the child and spousal support awards solely on husband's income and provided that it would review the awards in March 1994, if the parties so desired.

At a hearing held in March 1994, the court found husband's income to be $400,000 per year, stating:

> In setting his income, I am really
> giving him pretty much the benefit of all of
> the doubts that I did not give him the

- 2 -

> benefit of last time.
>
> And maybe I am -- I may be going too far
> in that direction.  I guess let's see at the
> end of the time because the $400,000 includes
> what he is going to get, all his interest and
> everything else.

At the same time, the court imputed income to wife, who still was not working, in the amount of $27,500.  After considering, _inter alia_, wife's expected interest income and child care costs, the court reapplied the child support guidelines and determined the presumptive amount to be $3,279.  The court then stated,

> And so then I figured, well, what does
> she need realistically . . . and I come to
> spousal support of $3,721, which is a total
> of child and spousal of $7,000, which is what
> I figure now.
>
> *    *    *    *    *    *    *
>
> And if you want to agree to some
> different allocation . . . you can.

The court entered an order on April 13, 1994, directing husband to pay wife $3,279 per month in child support and $3,721 per month in spousal support.

In January 1995, husband filed a motion seeking modification of child support on the ground that his actual income from 1994 was significantly less than the court had projected it to be in April of that year.  In September 1995, wife filed a motion seeking an increase in spousal support on the grounds that (1) her needs had increased since April 1994; and (2) that any reduction in child support granted pursuant to husband's motion would warrant an increase in spousal support.  Also in September

1995, husband filed a motion seeking a reduction in spousal support.

At an October 1995 hearing on the matter, husband presented evidence that he earned approximately $300,000 from employment during 1994 and that these earnings would remain substantially the same in 1995. Other evidence husband presented established that his employment generated income of approximately $468,000 in 1992, $366,000 in 1993, $298,000 in 1994, and would generate $323,000 in 1995. Husband's evidence also established that he earned approximately $60,000 from sources other than employment in 1994 and that these earnings would remain substantially the same in 1995.

Wife presented husband's 1994 tax return as evidence that husband was paid approximately $390,000 from his employment that year. Husband explained that the $90,000 difference between what he actually earned in 1994 and what he reported in 1994 resulted from his employer's tax strategy. He testified that two months of income earned in 1993 had been deferred to 1994 and that one month of income to be earned in 1995 had been advanced in 1994. Wife's counsel later stipulated to the court that the parties had agreed that the 1993 deferred income would not be considered in husband's 1994 income.

The court determined that husband's income was approximately $375,000 and that the difference between this amount and the court's April 1994 finding of income level was not a material

change in circumstance warranting a reduction in support. The court, however, agreed with husband that the July 1995 revisions to the child support guidelines were a material change in circumstance that warranted a recalculation of his child support obligation. The court ordered that child support be recomputed according to the revised guidelines, using $400,000 as the amount of husband's income. Wife did not dispute that the guideline revision was, effectively, a material change in circumstance.

Evidence was also presented on the monthly expenses of wife and the child. Ultimately, however, wife conceded, and the court found, that there had been no change in wife's personal needs following the April 1994 order.

## II. MATERIAL CHANGE IN CIRCUMSTANCE

A court may exercise the power granted by Code §§ 20-108 and 20-109 to modify a decree concerning child or spousal support if the party seeking the modification proves that a "material change of circumstance ha[s] occurred since the last award or hearing to modify support," and that the change "`justifies an alteration in the amount of support.'" Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993) (quoting Yohay v. Ryan, 4 Va. App. 559, 576, 359 S.E.2d 320, 324 (1987)); see Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992). The threshold finding that a material change of circumstance has occurred nullifies the preclusive effect of the court's prior adjudication of support. Hiner, 15 Va. App. at 580, 425 S.E.2d at 814 ("In the absence of

a material change in circumstance, reconsideration of support that has been previously adjudicated . . . would be barred by principles of res judicata.").[1]

## A. HUSBAND'S INCOME

Husband contends the trial court erred in determining his income for 1994 and 1995. He contends that his total income was approximately $360,000 in 1994 and that he would earn substantially the same amount in 1995. The trial court made no finding with respect to husband's 1994 income because, as husband argued, "there's nothing anybody can do about [the amount he claimed he overpaid in 1994]." Furthermore, nothing in the record suggests that the court considered that husband had actually earned more than $360,000 in 1994.

---

[1] The doctrine of res judicata is based on the concept that the court should not be called upon to adjudicate twice upon the same set of facts and that an adversary should not be twice vexed for the same cause of action. Such considerations, if applied strictly, require the rule that a petition to modify an order of child support cannot be based on the same set of facts that existed when the original order was made. Accordingly, to justify a modification it must ordinarily appear that there has been a change of circumstances since the order on the first application for a reduction was made. . . . A decree for child support is res judicata only as long as the circumstances remain the same as when the decree was rendered.

24 Am. Jur. 2d Divorce and Separation § 1082 (1983). See generally, Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) (discussing various preclusive effects of res judicata doctrine).

The court found that husband would earn approximately $375,000 in 1995.  Husband claims the uncontroverted evidence proved he would earn approximately $360,000, $300,000 from employment and $60,000 from other sources.  However, husband's own evidence presented varying amounts of 1995 income from employment for the court to consider, ranging from approximately $300,000 to $323,000.  Adding the $60,000 he expected to receive from other sources to the highest amount of employment income in evidence, to wit, $323,000, the court erred, if it all, in husband's favor.

Next, husband argues that the trial court erred in ruling that the $25,000 reduction in his income, from $400,000 to $375,000, was not a material change in circumstance warranting a reduction of his support obligations.  We disagree.

Husband's evidence proved that his income varies because of the nature of his business.  From 1992 to 1995, husband's total income was as much as 32% greater than $400,000 and as much as 10% less.  According to husband's evidence, his 1995 income would be approximately 4.5% to 10% less than $400,000.  According to the trial court's finding, husband would receive approximately 6.25% less than $400,000 in 1995.

Given the facts of this case, in light of the proven variation in husband's income, together with the evidence of husband's income for 1995, we agree with the trial court that a variation of 6.25% in a single year is not a material change in

circumstance.

B. CHILD SUPPORT

After the adoption of the child support guidelines, see Code § 20-108.2, an exception was created to the rule requiring a material change in circumstance as a condition precedent to the modification of child support. See Watkinson v. Henley, 13 Va. App. 151, 156-57, 409 S.E.2d 470, 473 (1991); Milligan v. Milligan, 12 Va. App. 982, 988, 407 S.E.2d 702, 705 (1991).

> Our decisions in Watkinson and Milligan held that adoption of the support guidelines and a support award that pre-dated the guidelines, and which varied significantly from the presumptively correct amount, provided a reason equivalent to a material change in circumstance that justified a modification hearing.

Hiner, 15 Va. App. at 579, 425 S.E.2d at 814. This Court has extended the rationale of Watkinson and Milligan to create an exception to the material change of circumstances requirement where a legislative amendment to the child support guidelines "significantly changed the earlier guideline considerations and amounts." Slonka v. Pennline, 17 Va. App. 662, 664, 440 S.E.2d 423, 425 (1994). We find the case at bar analogous to Watkinson, Milligan, and Slonka, because the 1995 amendment to Code § 20-108.2(B) significantly changed the presumptive support obligation for parents earning in the higher income brackets.

Accordingly, although technically incorrect that the amendment to the guidelines was a "material change of circumstance," the trial court correctly heard husband's motion, because the support award that pre-dated the amendment to the

guidelines varied significantly from the presumptively correct amount. Indeed, wife does not dispute that the nearly 50% variation in husband's obligation was significant and that husband was entitled to a modification hearing.

Having found that husband's evidence regarding his income for the year in question had not materially changed, the court recalculated child support based on the yearly income figure determined at the April 1994 hearing. Holding husband's income constant at $400,000, his presumptive support obligation under the amended guidelines is $1,618.43 per month.

Husband asserts, however, that the court's use of that income figure to calculate child support under the amended guidelines was error and that the court should have applied the figure it determined at the October 1995 hearing to be his yearly income, to wit, $375,000. We disagree.

Under husband's theory, a party seeking a support modification could achieve, through the back door, a result barred by the front door. In this case, the court properly found no material change in circumstance established by husband's evidence of income for the year in question. The court's finding on this issue, which we have affirmed, supra, is a finding of res judicata. As such, the issue of husband's income could not be properly addressed anew. Accordingly, having found no material change in circumstance based on husband's income, the court properly recalculated the child support award solely by applying

the amended guidelines to the income amount it had determined in April 1994.  See Hiner, 15 Va. App. at 580, 425 S.E.2d at 814. The court did not err in doing so.

### C. SPOUSAL SUPPORT

The trial court found no material change in circumstance with respect to wife's needs after the 1994 award.  Wife does not dispute this finding.  Wife, however, argues that the court had earlier found that her and the child's total household needs were $7,000 per month.  Accordingly, she contends that the court's reduction in child support, pursuant to the amended guidelines, is itself a material change in circumstance, warranting an increase of spousal support to meet the $7,000 household need.

First, we disagree that the court had earlier determined an aggregate "household" need in the amount of $7,000, which it then apportioned between the child and spousal support amounts.  To the contrary, based on the record wife presents, it appears the court first applied the child support guidelines and determined the presumptive amount to be $3,279.  It then determined wife's needs supported a spousal support award of $3,721.  The trial judge then stated, "[This] is a total of child and spousal of $7,000, which is what I figure now."

Obviously, the sum of the court's support awards equalled $7,000.  However, we decline to accept wife's argument that preclusive effect is to be given to the sum of those awards. Doing so would violate the well established principle that

"[c]hild support and spousal support are separate and distinct obligations based on different criteria." Lambert v. Lambert, 10 Va. App. 623, 628-29, 395 S.E.2d 207, 210 (1990) (child support not to be considered in determining award of spousal support). In light of this principle, a change in child support cannot be deemed a circumstance "material" to a support award.[2] In the absence of proof of a material change in circumstance, the court was precluded by principles of res judicata from reevaluating the spousal support award, see Hiner, 15 Va. App. at 580, 425 S.E.2d at 814, and properly declined to modify it.

### III. DEVIATION FROM PRESUMPTIVE AMOUNT

When determining a party's child support obligation, whether initially or at a modification hearing, the court must begin by computing the presumptive amount using the schedule found in Code § 20-108.2(B). Watkinson, 13 Va. App. at 158, 409 S.E.2d at 473; Code § 20-108.1(B).[3] The presumptive amount is rebuttable, and

---

[2]Furthermore, it cannot be argued that the trial judge was inconsistent in finding that the "needs" had not changed but, nevertheless, reducing the amount of child support. Contrary to wife's position, the trial judge did not find that the aggregate "household" need remained unchanged. Rather, she found the child's needs would be met by the reduced award and wife's needs remained unchanged.

[3]Code § 20-108.1(B) provides, in part:

> In any proceeding on the issue of determining child support . . . the court shall consider all evidence presented relevant to any issues joined in that proceeding. The court's decision in any such proceeding shall be rendered upon the evidence relevant to each individual case. However, there shall be a rebuttable presumption in any judicial or

the court may deviate from the presumptive amount if such amount is determined to be unjust or inappropriate, in consideration of any relevant evidence pertaining to the factors set forth in Code §§ 20-107.2 and 20-108.1.  <u>Id.</u> at 158, 409 S.E.2d at 473-74; Code §§ 20-108.1(B), 20-108.2(A).[4]  Moreover, we held in <u>Watkinson</u> that where the application of the guidelines reduced the amount of support payable pursuant to a consent decree entered prior to the enactment of the guidelines, the court must explain why a reduction in child support from the former award would not be unjust and inappropriate.  <u>Id.</u> at 161, 409 S.E.2d at 475. "`Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate.'"  <u>Wilson v. Wilson</u>, 18 Va. App. 193, 196, 442

(..continued)

> administrative proceeding for child support, . . . that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded. . . . The finding that rebuts the guidelines . . . shall be determined by relevant evidence pertaining to the following factors affecting the obligation, the ability of each party to provide child support, and the best interests of the child.

[4]Code § 20-108.2(A) provides, in part:

> In order to rebut the presumption, the court shall make written findings in the order . . . that the application of the guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in §§ 20-107.2 and 20-108.1.

S.E.2d 694, 696 (1994) (quoting Mayers v. Mayers, 15 Va. App. 587, 591-92, 425 S.E.2d 808, 810-11 (1993)).

In the present case, the trial court found the child's needs would be met by the presumptive amount of support established by the amended guidelines. The evidence of the child's needs presented by wife, when adjusted according to the evidence presented by husband, supports the trial court's finding that a deviation from the presumptive amount was not warranted. That evidence established that the child's needs were approximately $2,000 per month. Husband's proportional share of that amount, approximately 80%, coincides substantially with the presumptive amount of his obligation determined pursuant to the amended guidelines, to wit, $1,618.43. Accordingly, we find no basis to conclude that the trial court erred in failing to determine that the presumptive amount of child support was unjust or inappropriate.

Wife did not dispute that the evidence presented at the October 1995 hearing supported the finding that the child's needs are approximately $2,000. Rather, wife relied on the court's earlier support award of $3,279 as evidence of the child's needs.

We find no support for the proposition that the earlier award was premised on anything but the presumptive guidelines then in effect. Nothing indicates that either party requested the court to deviate from the guideline amount to comport with the child's actual needs. The basis of the prior award was the

legislative presumption of the child's needs. The clear intent of the amendment to the guidelines is that the legislature presumed that children of parents in certain income brackets needed less support than the amount deemed presumptively appropriate under the prior guidelines. Here, the presumption under the amended provisions is supported by the evidence of the child's actual needs.[5]

On appeal, wife argues that notwithstanding the fact the child's needs did not exceed the presumptive amount, husband had the means to provide support in excess of those needs and the child had the right to share in husband's prosperity. Wife failed to raise these contentions at trial, and we will not consider them on appeal. See Rule 5A:18.

### IV. RETROACTIVE MODIFICATION

Husband alleges the trial court erred in refusing to modify support retroactively to July 1, 1995. We disagree.

"No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." Code § 20-108. Husband filed his petition for modification in

---

[5]Wife argues that the parties' pendente lite consent decree is evidence that the child's needs would not be met under the amended guidelines. Even assuming consideration of that decree, which was entered without prejudice, were proper, it does not support wife's position. Under the decree, child support was determined to be $2,000 per month.

January 1995.  The statutory amendments to the guidelines became effective in July 1995.  Husband did not amend his pleadings and the issue of modification based on the amended guidelines was addressed for the first time at the hearing in October 1995.  At that time, husband's next support payment was due November 1, 1995, the day in which the modified payments took effect.  The trial court complied exactly with the terms of the statute.

## IV.  ATTORNEY'S FEES

An award or denial of attorney's fees is a matter committed to the sound discretion of the trial court.  E.g., <u>Alphin v. Alphin</u>, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992).  Here, the parties were found equally able to pay their own fees.  The record does not support a contrary finding.  Furthermore, with respect to the issues before us, we find no evidence that either party created unnecessary delay or expense, and the issues raised clearly do not lack merit.  Accordingly, we find no basis to rule that the trial court abused its discretion in failing to award either party attorney's fees.

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>