COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


KENNETH FRANCIS CHANDLER, SR.

                                  MEMORANDUM OPINION[*]
v.    Record No. 2802-99-1            PER CURIAM
                                    JUNE 20, 2000
GRACIE MILBOURNE CHANDLER


             FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                      Glen A. Tyler, Judge

         (J. Barbour Rixey, on brief), for appellant.

         (Jon C. Poulson, on brief), for appellee.


    Kenneth Francis Chandler, Sr. (husband) appeals the decision

of the circuit court granting Gracie Milbourne Chandler (wife) an

increase in spousal support.  Husband contends that the trial

court erred by (1) finding that the cessation of child support was

a circumstance material to an award of spousal support; (2)

increasing the amount of spousal support without evidence of a

change of circumstances between the entry of the final decree and

the hearing; and (3) finding a material change in circumstances in

the parties' financial positions between 1997 and 1999.  Upon

reviewing the record and briefs of the parties, we conclude that

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.[1]

On appeal, we view the evidence and all reasonable inferences in the light most favorable to wife as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

"In a petition for modification of . . . spousal support, the burden is on the moving party to prove a material change in circumstances that warrants modification of support.  The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'"  Richardson v. Richardson, 30 Va. App. 341, 347, 516 S.E.2d 726, 729 (1999) (citations omitted).  "The petitioner must demonstrate a material

---

[1] Husband filed a motion to strike the inclusion in the joint appendix of a copy of his 1997 federal income tax return on the ground that it was not part of the trial court record. Our review supports husband's contention.  While husband testified at the August 1999 hearing concerning this return, neither party introduced a copy into evidence, apparently based upon the erroneous presumption that a copy was already included in the record following the 1997 hearing.

Accordingly, we grant husband's motion to strike the document.  Because it is not part of the record on appeal, it will not be considered by this Court.  No further relief is required.

- 2 -

change in circumstances from the most recent support award."
Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374
(2000).

The record demonstrates that the parties were divorced by
final decree entered May 24, 1999.  Following the December 1997
hearing, pursuant to the interim instructions from the trial
court, husband paid $390 in monthly child support and $1 in
monthly spousal support.  These requirements were incorporated
into the final decree of divorce entered May 24, 1999.  However,
the final decree also noted that husband's obligation to pay
child support ceased on June 30, 1998 when the parties'
eighteen-year-old son ceased to be a full-time student.

By motion filed March 4, 1999, wife sought an increase in
spousal support, alleging a material change in circumstances
warranting an increase in spousal support.  Following a hearing
on August 6, 1999, the trial court ruled that there had been a
material change in circumstances.  By order entered October 28,
1999, the trial court awarded wife $375 in monthly spousal
support.

## Cessation of Child Support as Change

We find no error in the determination of the trial court
that wife presented sufficient evidence to prove that there was
a material change in circumstances since the last hearing.  The
trial court specifically noted that, at the time of the previous

- 3 -

hearing in 1997, there was a question whether husband had the ability to pay spousal support.  The trial court also noted that there had been a material change in husband's financial obligations, including the cessation of child support, and that while husband had incurred additional expenses, the new expenses were not obligations.  The trial court's factual finding that there had been a material change in circumstances is supported by evidence in the record.

This case is distinguishable from Head v. Head, 24 Va. App. 166, 480 S.E.2d 780 (1997), in which this Court referred to

> the well established principle that "[c]hild support and spousal support are separate and distinct obligations based on different criteria."  Lambert v. Lambert, 10 Va. App. 623, 628-29, 395 S.E.2d 207, 210 (1990) (child support not to be considered in determining award of spousal support).  In light of this principle, a change in child support cannot be deemed a circumstance "material" to a support award.

Id. at 177-78, 480 S.E.2d at 786 (footnote omitted).  In Head, the trial court reduced the husband's child support payments following legislative amendments to the statutory guidelines. The wife then sought a dollar-for-dollar increase in spousal support corresponding to the trial court's reduction in child support.  The trial court rejected the wife's claim, noting that there was no evidence that the initial award was based upon a determination of her household's total financial needs.  In contrast, in this case, the trial court noted that the initial

- 4 -

$1 award of spousal support was based on the court's assessment of husband's ability to pay and that the expiration of his obligation to pay child support was one of several material changes in husband's financial circumstances since the last evidentiary hearing.  Thus, unlike Head, the trial court here found a material change in a factor which it previously ruled precluded an immediate award of spousal support, i.e., husband's other obligations, including child support.

Change Since Prior Decree

Husband contends that wife was required to prove a material change in circumstances between the time of the entry of the final decree in May 1999 and the evidentiary hearing in August 1999.  We find no indication that husband raised this argument below.  The portion of the record to which husband refers as preserving this contention demonstrates, on the contrary, that husband, wife, and the trial court all addressed the changes in financial circumstances as of the previous hearing in 1997.  Therefore, we do not address this contention further on appeal. See Rule 5A:18.

Material Change in Circumstances

As noted above, the trial court found that there were several material changes in the parties' circumstances and that these changes warranted an increase in wife's spousal support. The evidence indicated that both parties had increased earnings,

but that husband continued to earn more than twice what wife earned. While husband presented evidence that he had additional expenses, the trial court noted that husband himself created some of the expenses. Husband testified that he purchased a Mercedes on which he made monthly payments of $574.62. He made $2,000 in charitable contributions annually. Evidence supports the conclusion of the trial court that there was a material change in circumstances warranting an increase in wife's spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.