COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


KAREN FELDMAN

                                                    MEMORANDUM OPINION*
v.        Record No. 0086-03-2              BY JUDGE ELIZABETH A. McCLANAHAN
                                                      MARCH 16, 2004
RICHARD FELDMAN


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                           George F. Tidey, Judge

              Robert L. Isaacs for appellant.

              Richard L. Feldman, *pro se*.


      Karen Feldman appeals from a decision reducing the amount of spousal support she

receives from her ex-husband, Richard Feldman.  Wife contends that the trial court erred in:

(1) finding that husband's increased child support payment was a material change of

circumstances warranting a modification of spousal support to wife; and (2) failing to consider

the required statutory factors of Code § 20-107.1(E) when modifying spousal support.[1]  For the

reasons that follow, we reverse the trial court.

                                   I.  Background

      Husband and wife married in 1984.  Two children were born of the marriage, one in 1985

and the other in 1988.  The parties separated in February 2000.  The children's custody,

_____

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Because we reverse on appellant's first issue, we need not address appellant's second
issue.

visitation, support and maintenance were determined by the juvenile and domestic relations district court in July 2000.  Husband was awarded custody of one child, and wife was awarded custody of the other child.  Child support was "computed in accordance with 20-108.2," requiring husband to pay $324 per month to wife for the younger child's support.[2]

In June 2001, the circuit court ordered husband to pay wife $750 in permanent spousal support.  In July 2001, the parties returned to the juvenile and domestic relations district court for the purpose of modifying the child support award "utilizing the split custody formula and accounting for the spousal support award."[3]  Husband's offset obligation was thereby reduced to $97 per month.  In September 2001, the circuit court entered a final decree of divorce, setting the spousal support at $750, and incorporating the child support amount as set by the juvenile and domestic relations district court.

In January 2002, after the parties' older child left husband's home and moved into wife's home, the juvenile and domestic relations district court transferred custody of both children to wife.  In May 2002, it recalculated the child support award because of the change from split custody to sole custody, requiring husband to pay $650 to wife for support of both children.

In June 2002, husband filed a motion to reduce spousal support based on a material change of circumstances.  The changes in circumstances alleged included that wife's child support obligation was reduced by $430 per month; husband's child support obligation increased by $530 per month; wife's income increased by $300 per month; and wife's adult child from a previous marriage moved into wife's household and began contributing toward the household expenses.  Wife filed a motion in opposition stating that husband's child support obligation

---

[2] Final Decree, p. 2, entered September 7, 2001.

[3] Written Statement, p. 2, no. 12.

increased because custody of one of the children was changed from husband to wife; wife's income had not substantially increased; wife's adult daughter began residing in the home, but that such circumstance had increased wife's expenses; and husband's expenses were substantially reduced due to his remarriage. The circuit court set a hearing on the spousal support reduction motion for September 3, 2002. In the meantime, wife appealed the juvenile and domestic relations district court's child support decision to the circuit court, which reduced husband's child support obligation to $642.

After the hearing on spousal support reduction, the trial court reduced wife's spousal support from $750 per month to $550 per month. The chancellor issued a letter opinion stating: "Based on a change in circumstances spousal support will be reduced to $550 per month." Wife filed a motion to reconsider arguing that a change in child support is not a basis for modification of spousal support, that the court failed to communicate its findings with regard to the change in circumstances, and that the court failed to indicate how it arrived at the new spousal support amount.

After hearing argument on the reconsideration motion, the chancellor issued a new letter opinion stating, "I find that a change in child support because of a change in custody which increase[s] child support from $97 to $650 per month [is] a material change in circumstances." The letter opinion was finalized in a support order, which stated, "The Court finds that the change of child support due to a change of custody is a material change of circumstances warranting a change of spousal support."

## II. Analysis

When reviewing a chancellor's decision on appeal, we view the evidence in the light most favorable to the prevailing party below, granting it the benefit of any reasonable inferences.

Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002) (citing Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995)).  We will overturn a decision committed to the chancellor's sound discretion only upon a showing of abuse of that discretion.

A party seeking modification of spousal support pursuant to Code § 20-109(A) bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989) (citation omitted).  However, not every material change of circumstances warrants a modification of support.  See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999).

> A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree.  A modification is appropriate only after the court has considered the material change in circumstances in relation to . . . the present circumstances of both parties . . . .  Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties . . . .

Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987) (addressing a modification in child support).  See also Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

> In a petition for modification of . . . spousal support, the burden is on the moving party to prove [by a preponderance of the evidence] a material change in circumstances that warrants modification of support.  The petitioner must demonstrate a material change in circumstances from the most recent support award.  The material change must relate to either the need for support or the ability to pay.  In the absence of a material change in circumstances, reconsideration of support . . . would be barred by principles of res judicata.

Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374-75 (1999) (internal quotations and citations omitted.)

We assume that the trial court followed the statutory mandate of Code § 20-108.1(A) and considered all the evidence presented. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985). The trial court premised the material change in circumstances only on the change in child support due to a change in custody. The chancellor's first letter opinion stated, "Based on a change in circumstances spousal support will be reduced to $550 per month." After a hearing on wife's motion to reconsider, in which she argued that a change in child support is not a basis for modification of spousal support, the chancellor's new letter opinion stated, "I find that a change in child support because of a change in custody which increase[s] child support from $97 to $650 per month [is] a material change in circumstances." The letter opinion was finalized in a support order, which stated, "The Court finds that the change of child support due to a change of custody is a material change of circumstances warranting a change of spousal support." The trial court, therefore, expressly relied only on the change in child support due to a change in custody as the basis for the change in circumstances.

Wife argued in her motion to reconsider, and on appeal, that a change of a child support obligation is not a material change in circumstances warranting a modification of spousal support, citing Lambert v. Lambert, 10 Va. App. 623, 629, 395 S.E.2d 207, 210 (1990), and Head v. Head, 24 Va. App. 166, 177-78, 480 S.E.2d 780, 786 (1997). Husband argues that those cases do not stand for the proposition that an increased child support obligation cannot be a material change of circumstances warranting a reduction in spousal support. He argues that for purposes of calculating spousal support, an increase in the total child support obligation may be considered one factor in the change of circumstances to the extent it constitutes an increased "obligation" under Code § 20-107.1(1), citing Lambert, 10 Va. App. at 629, 395 S.E.2d at 210. In the Lambert case, we stated "that the trial court erred by considering the . . . child support as a

factor in determining spousal support, except insofar as it constituted an 'obligation' of [husband] pursuant to Code § 20-107.1[(E)](1)." Id. In the Head case, we stated, "a change in child support cannot be deemed a circumstance 'material' to a support award." Head, 24 Va. App. at 178, 480 S.E.2d at 786.[4] Therefore, when considering spousal support, Lambert allows child support to be considered as a factor under Code § 20-107.1, while Head finds that a change in child support is not material to the spousal support award. In order to reconcile the tension between these two cases, we look to the relevant statutes, Code §§ 20-107.1 and 20-108.2.[5]

---

[4] Wife argues that a change of child support cannot be deemed a circumstance material to a support award, citing Head, 24 Va. App. at 178, 480 S.E.2d at 786. Head concerned a legislative revision to the child support guidelines, which resulted in a reduced support obligation on the part of the husband. The trial court found that the revisions to the child support guidelines were a material change in circumstance that warranted a recalculation of the child support obligation. Wife did not dispute that the guideline revision was, effectively, a material change in circumstance, but she argued that the trial court had found an "aggregate household need" (spousal support and child support) of $7,000 and that the reduction in child support was a material change also requiring the court to increase wife's spousal support in order to meet that "aggregate need." This Court affirmed the trial court decision in that case, which was that the legislature's change to the child support guidelines had no impact on the amount of the spousal support award, and was not a material change in circumstances for that purpose. The sum of the court's child support and spousal support awards equaled $7,000, but the court had determined the spousal support and child support awards separately. The Court concluded that child support and spousal support are distinct obligations and are not fungible. We agree, unless the trial court makes a unitary award under Code § 20-60.3(11).

[5] The concurring opinion states that Rule 5A:18 precludes our analysis on this basis. Wife's question presented was: "Is a change in custody which increases child support a material change of circumstances permitting a re-evaluation and reduction of spousal support?" Wife argued that: "A change of a child support obligation is not a change of circumstances warranting a reduction in spousal support," relying on Head and Lambert. The husband argued that Lambert and Code § 20-107.1 support his position. Thus, we cannot ignore the relevant statutes that directly impact on appellant's question presented, and resolve the discrepancies in the cases and statutes cited by both parties as supporting their respective positions. The analysis that the concurrence relies upon, which is that, "The court did not balance the needs of the wife and husband's ability to pay," citing Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (*en banc*), was not raised by the parties.

Code § 20-107.1(E)(1) says the court shall consider the "obligations" of the parties when determining spousal support. Code § 20-108.2(C), which governs the calculation of child support, requires the parties' gross incomes to be adjusted to reflect the amount of spousal support before child support can be determined. Both of these subsections, Code §§ 20-107.1(E)(1) and 20-108.2(C), relate to the issue of calculating spousal support and child support. One statute *permits* an obligation to be considered in setting a spousal support award, and the other statute *requires* a spousal support award to be considered before the child support obligation can be calculated.

It is well established that, when two statutes are in apparent conflict, a court, if reasonably possible, must give them such a construction as will give force and effect to both. See Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998); Board of Supervisors v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975). "'When one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.'" Frederick County Sch. Bd. v. Hannah, 267 Va. 231, 236, 590 S.E.2d 567, 569 (2004) (quoting Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)); accord County of Fairfax v. Century Concrete Servs., 254 Va. 423, 427, 492 S.E.2d 648, 650 (1997); Dodson v. Potomac Mack Sales & Service, 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991); see also Tharpe v. Commonwealth, 18 Va. App. 37, 43-44, 441 S.E.2d 228, 232 (1994). Since Code § 20-108.2 specifically requires the consideration of spousal support *before* a child support obligation can be determined, we find that statute to be the more specific, prevailing over Code § 20-107.1(E)(1) allowing the "obligations" of the parties to be considered for the purpose of awarding spousal support.

Under Code § 20-108.2, the court first determines the number of children for whom support is sought. It then begins the support calculation by taking the monthly gross income, as defined by statute, of each party. If there is either an agreement between the parties or a written order on spousal support, the court adjusts the gross income of each party to account for spousal support payments. Spousal support payments made are deducted from the gross income of the paying spouse and added to the gross income of the recipient spouse.[6] After deductions for other amounts as allowable by law, the court arrives at the adjusted gross income of each party. Those incomes are added together to arrive at a combined gross income. That combined income, after deductions for extraordinary medical expenses and employment-related child care expenses, is used to determine the total shared support obligation.

"Child support has long been recognized as an obligation owed to the infant child, not the payee parent." Hur v. Va. Dep't of Soc. Serv. Div. of Child Support Enforcement, 13 Va. App. 54, 58, 409 S.E.2d 454, 457 (1991) (citation omitted). It is paramount to a child's best interests that he or she receives adequate financial support. Child support is an obligation of both parents and is intended to benefit the child, not the custodial parent. See Lambert, 10 Va. App. at 629, 395 S.E.2d at 210 ("Child support and spousal support are separate and distinct obligations based on different criteria."). The amount each parent is responsible for is dependent on his or her own gross income, after adjustment for spousal support, as a percentage of the total support.

---

[6] "For purposes of this subsection: (i) spousal support received shall be included in gross income and spousal support paid shall be deducted from gross income when paid pursuant to an order or written agreement." Code § 20-108.2(C). In this case, in June 2001, the circuit court ordered husband to pay wife $750 in permanent spousal support. In July 2001, the parties returned to the juvenile and domestic relations district court for the purpose of modifying the child support award "utilizing the split custody formula and accounting for the spousal support award."

Moreover, the statutory guidelines in cases involving split custody require a trial court to apply a different formula than in a sole custody analysis. Code § 20-108.2(G)(2) provides:

> Split custody support. In cases involving split custody, the amount of child support to be paid shall be the difference between the amounts owed by each parent as a noncustodial parent, computed in accordance with subdivision 1, with the noncustodial parent owing the larger amount paying the difference to the other parent.
>
> For the purpose of this section and § 20-108.1, split custody shall be limited to those situations where each parent has physical custody of a child or children born of the parents, born of either parent and adopted by the other parent or adopted by both parents. For the purposes of calculating a child support obligation where split custody exists, a separate family unit exists for each parent, and child support for that family unit shall be calculated upon the number of children in that family unit who are born of the parents, born of either parent and adopted by the other parent or adopted by both parents. Where split custody exists, a parent is a custodial parent to the children in that parent's family unit and is a noncustodial parent to the children in the other parent's family unit.

In the case at bar, the child support obligation changed only because of the shift in custody. The court modified the child support obligation utilizing the sole custody formula, deducting spousal support from husband's gross income and adding it to wife's gross income before arriving at the combined gross income available for support. Husband's obligation, as the noncustodial parent, was then calculated by dividing his gross income by the combined gross income. As the noncustodial parent, husband has no offset available under the sole custody arrangement, thus he pays a larger portion of the shared support obligation. Husband went from a $97 per month payment to a $642 per month payment only because he no longer has a child living under his roof. Once wife had custody of both children, the split custody formula, including the offset amount, is no longer applicable. Instead of the expenses for the child under his roof being

absorbed into his own household budget, and offset by wife's payment for that child, his cost for support of that child is now paid wife to support that same child.

There was only a reallocation of the obligation because of a change in physical custody. Husband and wife are jointly responsible for the total child support obligation both before and after the child moved from one home to the other. Whether the child remains in husband's home or moves to wife's home, husband and wife, together, are still responsible for the child's financial support. Husband's percentage of the financial obligation obviously increased when wife took on the greater burden of increased custodial time.

We find it is inappropriate to premise a modification of spousal support on a reallocation of child support because Code § 20-108.2(C) requires the parties' gross incomes to be adjusted to reflect the amount of spousal support before child support can be determined. Code § 20-108.2(C).

> The trial court should follow a three-step process in resolving issues of equitable distribution, spousal support, and child support. Because in determining child support under Code § 20-108.2(C), the trial court must include spousal support in the gross income of the receiving spouse and must deduct the amount of spousal support from the gross income of the paying spouse, the court should first determine equitable distribution, then spousal support, and finally child support.

Frazer v. Frazer, 23 Va. App. 358, 381, 477 S.E.2d 290, 301 (1996). To premise modification of spousal support upon a percentage change in a child support obligation, which can only be determined after adjusting the parties' gross incomes to reflect the spousal support, is circular logic. Once the spousal support is reduced the courts would have to recalculate the parties' child support obligation percentage, and on and on. To allow such would invite continuous litigation. Therefore, we hold as a matter of law that an increase in a payor's child support obligation by itself, due to a change in custody alone, cannot constitute the circumstances warranting the

- 10 -

reduction of spousal support where, as here, the parties concede that the gross income of the payor spouse remains unchanged.

### III. Conclusion

We hold that the trial court erred in finding that a change in child support because of a change in custody alone, increasing the noncustodial parent's percentage with regard to the shared child support obligation, is not a change of circumstances warranting a modification of spousal support. Spousal support must be determined before a child support obligation is determined, and not vice versa. Accordingly, we reverse the trial court and dismiss husband's petition to modify spousal support.

<u>Reversed.</u>

Frank, J., concurring.

I agree with the majority that the trial court erred in reducing the spousal support award. However, I write separately because I disagree with the majority's analysis that an increase in child support because of a change in custody, alone, does not warrant a modification in spousal support.

Wife argued a change in child support cannot be considered as a circumstance for modification of spousal support, citing Head v. Head, 24 Va. App. 166, 480 S.E.2d 780 (1997). The majority, in its footnote 4, correctly distinguishes this case, which only addressed the effect of a legislative change in child support calculations, which decrease the amount awarded, on the receiving parent's request for an increase in spousal support. The Court did not consider a change of custody and its impact on spousal support awards.

Once disposing of wife's arguments based on Head, the majority then embarks on a different and new analysis, i.e., that a "reallocation" of child support because of a change in physical custody is not a proper predicate for a modification of spousal support. This argument was not presented at trial, was not briefed for this Court, nor was it mentioned during oral argument. Thus, we should not, *sua sponte*, raise or address this argument. Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."). Cf. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (finding statements unsupported by argument, authority, or citations to record do not merit appellate consideration).

"Upon petition of either party the [trial judge] may . . . [modify] spousal support . . . as the circumstances may make proper." Code § 20-109. "When considering the issue of spousal support, whether in a modification or initial award determination, the trial court must take into

account the receiving spouse's needs and ability to provide for the needs, and balance those against the other spouse's ability to provide support . . . ." Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (*en banc*). In addition, "[t]he trial court . . . may consider earning capacity as well as actual earnings in fashioning the award so long as it applies 'the circumstances in existence at the time of the award.'" Id. at 708, 473 S.E.2d at 74 (quoting Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987)).

A party seeking modification of spousal support pursuant to Code § 20-109 bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). However, not every material change of circumstances warrants a modification of support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

The evidence indicates husband, at the time of the original award, had a net monthly income of $3,216 and monthly expenses of $3,694. Husband conceded at the hearing that his gross monthly income had not changed from the time of the original award. He also admitted his monthly expenses had decreased. His expense sheet indicated his gross monthly income at the time of the modification hearing was $3,973, with expenses of $3,515, which included child support of $640 and spousal support of $750. Husband admitted during the hearing that the only material change in circumstances was his higher child support payment.

Wife's gross income increased to $1,362 by the time of the modification hearing from the $1,200 per month she had at the time of the original award. Her monthly expenses also increased, to $2,612 at the time of the modification hearing, up from $2,335.73.

While we generally assume a trial court has followed the law, McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985), the opinion letter in this case clearly indicates the court considered only the increase in husband's child support payments. The trial court failed to consider wife's needs or her "ability to provide for [her] needs." Stubblebine, 22 Va. App. at 710, 473 S.E.2d at 75. The court did not balance the needs of the wife and husband's ability to pay. Thus, the trial court's opinion letter rebuts the presumption of correctness.

I would, therefore, reverse the trial court's decision and remand the case for the trial court to consider not only the husband's ability to pay, but also the wife's needs and circumstances.