COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


BARBARA J. LIVINGSTON
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0936-06-4                      JUDGE JAMES W. HALEY, JR.
                                                          MARCH 4, 2008
THEODORE G. NANZ


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Kathleen H. MacKay, Judge

            Sean P. Trende (Eric H. Feiler; Hunton & Williams, LLP, on briefs),
            for appellant.

            Linda Smith (Mark B. Sandground, Sr.; Sandground New &
            Lowinger, P.C., on brief), for appellee.


        In arguments consolidated for the purposes of this decision, Barbara J. Livingston (wife)

maintains the trial court erred in reducing her spousal support by (1) failing to recognize the

validity of a prior order concerning support, and (2) finding a material change in circumstances.[1]

We agree and reverse. Husband's request for attorney fees and costs associated with this appeal

is denied.

                                            FACTS

        A divorce decree entered in September 1999 set permanent spousal support at $5,300 per

month. The circuit court specifically provided as follows in the decree:

            [I]n view of the fact that the Defendant [husband] is presently
            unemployed, that in the event that the Defendant has not obtained
            full-time employment within ninety (90) days from August 31,

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Due to the nature of our remand, we do not address the assignment of error that the trial
court erred in striking a witness as an expert.

1999, he may petition the Court to determine the amount of spousal support <u>de</u> <u>novo</u> (that is, without any necessity to demonstrate changed circumstances); and that each of the parties, in the event of such petition, shall be permitted to argue, without prejudice, that based upon their actual and/or potential incomes, as well as the other applicable statutory factors, the amount of permanent spousal support should be higher or lower[.]

Husband did not move the circuit court to reconsider the award within ninety days, nor did he appeal the award to this Court.

Husband filed a motion to reduce and abate spousal support in February 2003. The circuit court held a hearing on the motion on April 3, 2003, with another circuit court judge presiding.

Husband testified regarding his allegedly destitute financial condition at the hearing. He stated he had a job as a highly paid corporate executive, but lost the position in early 2003 due to financial difficulties of the company. He remained unemployed at the time of the hearing. Husband testified he had no savings, bank accounts, or brokerage accounts he could use to pay spousal support. Husband also testified regarding a residence he owns in Florida. He stated he had leased the residence to a family at monthly rent of $1,200. A mortgage of $122,000 encumbered the property, and husband estimated the home's value in the "[m]id 200s." However, a loan application he completed in 2002 placed the value at $335,000. Husband testified he lived in a home in Virginia having a value around "[m]id 600,000." Husband stated he lacked the money to even pay the mortgage on the home in which he lived in Virginia.

Husband also submitted an expense sheet dated from February 2003. The expense sheet revealed a mortgage balance on the Virginia home of $450,000 and on the Florida home of $122,000. It indicated husband paid $3,562 monthly on the Virginia mortgage and $1,830 on the Florida mortgage, for a combined monthly mortgage payment of $5,392.

Wife testified she had a brain injury from chemotherapy and suffered from asthma that would become pneumonia. Due to her brain injury, she could not do multiple things simultaneously and had memory deficit problems. She continued to seek employment with assistance from state disability services. Wife stated she received social security disability benefits and had Medicare health insurance. At the time of the hearing, wife was in the process of declaring bankruptcy.

At the conclusion of the hearing, the court denied husband's motion. The court found no change of circumstances existed and that even if any did, they did not justify an abatement or reduction in support. An order entered April 3, 2003 documented the ruling. The order stated: "Defendant's motion is denied as he has not proved a material change in circumstances from the date of the entry of the final decree of divorce, to wit, September 30th 1999 and for the reasons stated from the bench in open court." Husband did not appeal from this order, and thus it became final.

Husband filed another motion to abate or reduce spousal support in July 2005. Importantly, husband's motion recognized the need for him to show a material change in circumstances from the 2003 order. The motion stated that "[t]here has been a material change of circumstances since the entry of the last Decree and since the review of this matter by the Court in 2003." The circuit court held a hearing on the motion on November 18, 2005, with the Honorable Kathleen H. MacKay, Judge, presiding.

Husband again testified about his allegedly poor finances at the hearing. He stated he worked as a shoe salesman at New Balance in Tyson's Corner, Virginia. He testified he had no retirement accounts he could use to pay support. Regarding the Virginia home, husband stated it had a fair market value of $925,000 and had an encumbrance of two mortgages totaling $641,000. Husband testified the Florida home had a sale value of $515,000 and a mortgage of

$116,500.  Rental income from the property had increased to $2,100 per month.  Furthermore, both mortgages were paid up to date.

Wife testified her medical problems from the 2003 hearing of a brain injury from chemotherapy and severe asthma continued.  She also testified regarding medical problems of a head injury due to an assault by Nanz, high blood pressure, and heart disease.  Wife had been hospitalized several times in 2005.  She owed over $100,000 in medical bills, $70,000 in federal taxes, and $15,000 in Virginia taxes.  She continued to receive social security disability benefits and Medicare health insurance.

That hearing resumed in January 2006.  During that hearing, the trial court made clear it did not believe the 2003 order had *res judicata* effect on the current proceedings.  The court engaged in the following dialogue with wife's counsel:

> THE COURT:  . . . Because [the previous judge] refused to either believe him [husband] or whatever, do you think I'm bound by that?
>
> MS. HENAULT:  I believe that you can only go back to the date of the last order, Your Honor.
>
> THE COURT:  So because [the previous judge] believed that he could pay money when he didn't have any, I have to believe he can pay money when he doesn't have any?
>
> MS. HENAULT:  What I'm suggesting, Your Honor, is that you can only determine whether there's been a change from the date of the last order until today.  If there's been no change since then, I do not believe that you can reduce support.
>
> THE COURT:  I can't believe that can possibly be the truth.  If [the previous judge] made a terrible mistake, I'm supposed to go on with continuing with the mistake?
>
> MS. HENAULT:  Your Honor, that ruling was not appealed.  It's the law of the case at this point.  That is the ruling that we have.  That's the order of this Court.  There was no appeal. It didn't go to another higher Court.  It's the law of the case.

- 4 -

The court later again explicitly disagreed with the 2003 order. The court stated: "I'm reading [the previous judge's] transcript again because I'm trying to figure out [how] he got to that mystifying decision." The court concluded a change of circumstances had occurred, but the only change mentioned was the fact that husband had aged by two years. The court found: "I think there's been a change of circumstances. He's that much [two years] older." In the end, the court reduced spousal support from $5,300 to $500 per month. From that order, wife now appeals.

ANALYSIS

Code § 20-107.1(C) provides that a court "may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." The law intends to "provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990). Any award of spousal support "'must be based upon the circumstances in existence at the time of the award.'" Barker v. Barker, 27 Va. App. 519, 528, 500 S.E.2d 240, 244 (1998) (quoting Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987)). Courts may not base spousal support on "an uncertain future circumstance." Jacobs v. Jacobs, 219 Va. 993, 995-96, 254 S.E.2d 56, 58 (1979).

A court "may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109(A). A party seeking modification "'is required to prove both a material change in circumstances and that this change warrants a modification of support.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (en banc) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). The change must occur since "the last support order." Bennett v.

- 5 -

Dep't of Soc. Servs., 22 Va. App. 684, 690, 472 S.E.2d 668, 671 (1996).  The relevant changes in circumstances "are financial and economic ones" involving "the financial needs of the dependent spouse or the ability of the supporting spouse to pay."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

Circuit courts have significant discretion in awarding and determining the amount of spousal support.  Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005).  This Court limits its review of spousal support awards "to determining whether the trial court clearly abused its discretion."  Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005).  Where the circuit court has held an *ore tenus* hearing, the circuit court's decision must be "'plainly wrong or without evidence in the record to support it'" for this Court to reverse.  Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

### A.  Whether the Circuit Court Erred in Refusing to Recognize the Finality of the April 3, 2003 Order

Wife first contends the circuit court erred by reviewing the 2003 order *de novo*.  Wife argues that by doing this the court essentially acted as an appellate court.  Wife contends this was impermissible and that the circuit court could only modify spousal support upon a showing of a material change in circumstances since that last award.

As mentioned above, in order for a circuit court to modify a support award, the moving party must demonstrate "that a 'material change of circumstance has occurred since the last award or hearing.'"  Head v. Head, 24 Va. App. 166, 174, 480 S.E.2d 780, 784 (1997) (quoting Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993)).  Until such a showing is made, the principle of *res judicata* bars the court from reconsidering the award.  Hiner, 15 Va. App. at 580, 425 S.E.2d at 814; see also Sullivan v. Jones, 42 Va. App. 794, 803, 595 S.E.2d

- 6 -

36, 40 (2004). A circuit court's failure to apply this legal standard represents a *per se* abuse of discretion. Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 883 (2003).

In this case, the circuit court clearly stated the previous order did not bind it and that the previous judge erred. As quoted above, the court indicated disagreement with the previous decision. It stated it could not "possibly be the truth" that the previous decision bound it. This was error. Since husband did not appeal the 2003 decree, this bound the parties until a material change of circumstances occurred. Under *res judicata*, the circuit court could not conduct a later independent review. Indeed, such review would frustrate the essential purpose of *res judicata* as husband could continually relitigate the support issue before the circuit court until he received a favorable decision.[2] Hence, the circuit court erred.

B. <u>Whether the Circuit Court Erred in Finding a Material Change of Circumstances</u>

Wife next contends the circuit court erred in determining a material change of circumstances had occurred since the last support determination so as to justify a modification of support. Wife claims the evidence demonstrates husband actually experienced a financial improvement since 2003. She contends husband has substantial real estate assets the court should have considered in contemplating his ability to pay.

"'Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.'" Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (quoting Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40,

---

[2] *Res judicata* operates to foreclose "relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992). "A judicially-created doctrine, *res judicata* rests upon considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent the harassment of parties." Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (citation omitted) (italics added). "The doctrine is firmly established in our jurisprudence and should be maintained where applicable." Ward v. Charlton, 177 Va. 101, 115, 12 S.E.2d 791, 796 (1941).

41 (1986)). Yet while circuit courts have great discretion in determining whether a change of circumstances has occurred, we have in the past reversed that finding where the court plainly erred. Barrs v. Barrs, 45 Va. App. 500, 509, 612 S.E.2d 227, 231 (2005).

The only material change of circumstances identified by the circuit court was the fact that husband was two years older than at the time of the previous hearing. A change in age of two years, standing alone, is not a material change in circumstances.

As wife points out, many other facts either indicated husband had an improved financial position from the 2003 hearing or remained the same. In 2005, husband had employment as a shoe salesman, whereas in 2003 and 1999 he was unemployed. While husband received $2,100 in monthly rental income from his Florida property in 2005, in 2003 he only received $1,200. In 2005, husband stated the mortgages on both the Florida and Virginia residences were paid up to date. Yet in 2003, husband stated he did not have money to pay the mortgages on either property. Husband's mortgage payments decreased. In 2005, husband's combined mortgage payments totaled $4,801, whereas in 2003 they totaled $5,392. In 2005, husband stated he had no retirement assets. Similarly, in 2003 he stated he had no bank accounts, brokerage accounts, or savings.

Husband experienced a substantial increase in the value of his real estate holdings between 2003 and 2005. In 2005, the Virginia residence had a sale value of $925,000 with a mortgage of $641,000, meaning husband had equity of $284,000. In 2003, the property only had a sale value of around $650,000, with a mortgage of $450,000, for total equity of $200,000.[3] This represents an $84,000 increase. The Florida residence had a sale value of $515,000 in 2005 with a mortgage of $116,500, meaning husband had equity of $398,500. In 2003, the property

---

[3] As noted above, husband testified at the 2003 hearing his home had a value in the mid-$600,000s. The Court uses $650,000 for the sake of convenience in calculation.

had a sale value of at most $335,000, with a mortgage of $122,000, for equity of $213,000. Husband experienced a $185,500 increase in equity on this property. Combined, the Virginia and Florida residences produced a $269,500 increase in equity for husband between 2003 and 2005.

In short, no material change of circumstances occurred between 2003 and 2005 to justify a reduction of spousal support. The circuit court's finding to the contrary was plainly erroneous. Indeed, if there was any material change, husband's capacity to pay had been enhanced, not diminished. See Roberts v. Roberts, 41 Va. App. 513, 528, 586 S.E.2d 290, 297 (2003). Having determined the 2003 order to have *res judicata* effect so as to require a material change in circumstances and having determined that no material change in circumstances occurred, this ends our analysis. We reverse and remand for entry of an order consistent with this opinion.

Since we find in favor of wife, we deny husband's request for attorney fees and costs associated with this appeal. "We deny [husband's] request for attorney's fees on appeal given [wife's] position as prevailing party . . . ." Smith v. Smith, 43 Va. App. 279, 291 n.6, 597 S.E.2d 250, 256 n.6 (2004).

Reversed and remanded.